# United States District court
## District for Massachusetts

Worchester County        C.A. _____

InrI Ex-Rel-R.D. GIAWSON, (petitioner)
SBCC Box 8000, Shirley, Mass 01464

Vs.

1. DA. Robert Keaton for Norfolk County at 45 Shawmut Ave., Canton, Ma. 02021
2. Lois Russo Superintendant As Souza Barranowski Corr. Center Box 8000/Shirley, Ma. 01464

## Varified civil complaint

**1)** The petitioner is a resident and citizen of the United States, Who has been Kidnapped and Held against His will in a state penetentuary Against His Constitutional right to Liberty in Violation of the 5th amend. U.S.C.A. & 14th amend. U.S.C.A. And He Invokes the Constitutional Supremecy Clause 6 U.S.C. pt. 2 & oath 3 of The Judiciary, 3 Judge Panel for Declaratory Judgement pursuant to A Federal Question under 28 U.S.C.A. §1331, for His Release pursuant to 28 U.S.C. 2241. for this Unconstitutional conviction & sentence.

**2)** The Defendant Robert Keaton is the Norfolk County District Attorney and obligated by statute G.L.c. 12 §3 to Answer for the parties, himself & Lois Russo the Superintendant At Souza Barranowski Correctional center All Which, both defendants Reside in the Commonwealth of Massachusetts and are United States citizens.

**3.**          <u>Jurisdiction</u>

The court, Has Jurisdiction pursuant to the United State Constitution Article 1 sec. 9.; Art III sec. 1 & 2. & 3. & Article 6 U.S.C. cl. 2 & 3., Const. U.S.C.A. 5th & 14th Amendments of Double Jeopardy Finality in A conviction; Guarinteed by due Process of Law; As the 5th amend. U.S.C.A. is an Immunity protected by the 14th amendment. U.S.C.A. Privileges and Immunity Clause, made

1

applicable upon the states in Benton V. Maryland 89 S.ct. 2056 (1962) and gave full Retroactive effective enforcement upon the states; North Carolina V. Pierce 89 S.ct. 2072 (1969) As is Now the Both state and federal standard as to what constitutes the same offence. Apply's Alike to Federal and state court proceedings Moloy V. Hogan 11 S.ct. 1489. (1964) in Ashe V. Swenson 90 S.ct. 1189 (1970). See Federal Rules criminal Procedure 8(A) - 8(B) & Rule 13. Which complies with Mass. R. crim. P. 2-(4) but it is Repugnant to Mass. r.cr.P. 37(B)(2) which authorizes state prosecutor A Veto power in the selection of charges of A Multi Jurisdiction Hot & Fresh Pursuit of charges growing out of such Transaction, conduct, episode, and violates the 5th Amendment commands of the Priciples of Double Jeopardy That All crimes & charges that grow out of "Connected & Related offences" see M.G.L.A. c. 41 § 98A Hot & Fresh pursuit statute Authorizes Extraterritorial pursuits & "Arrest". As well; 28 U.S.C. 1331 et-seq, Federal Question, over state Law Claim for Declaratory Judgement pursuant to 28 § 2201 et-seq 2203. F.R.Crim.P. 57 Younger V. Harris 91 s.ct. 746 (1971) & Steffel V. Thompson 94 s.ct. 1209 (1974) Also The (1934) Johnson Act!

4. <u>Complaint</u>

The petitioner seeks a Three Judge panel to conveine pursuant 28 U.S.C.A. 2201 to 2203 and seeks Declaratory Judgement pursuant to the Johnson Act of (1934) On a Federal Question of Constitutional Law Under His Loss of Liberty without any Finality in the Conviction or sentence In the Norfolk County Conviction and sentence of 15 To 20 years; meanwhile he is still being prosecuted in Suffolk County as a result of state Prosecutor's

2

due to the Lack of Finality in the First Trial and conviction & sentence which abridges the petitioners 14th amendment Right, That No State Shall make nor enforce any Law that abridges the privileges and Immunities of the citizen; ie., The double Jeopardy Immunity to be free from Arbitrary and capricious Law enforcement under the Substantive and procedural due-process guarintee of the 5th & 14th amendment, U.S.C.A. citing: to which guarintee and Immunity, the petition **CONCISELY** points out citing in Albright V. Oliver 114 S.ct. 807 (1994) That the First step in any such claims under 28 U.S.C.A. 1983, is to identify the specific Constitutional right, privilege or Immunity Allegedly Infringed upon; citing. Graham Vs Connor, 490 U.S. 386, (394), 209 S.Ct. 1865. (1989) and Baker V. McCollan 443 U.S. 137-144 \ 99 S.Ct. 2689 at 2692 (1979) - citing Also that, The 14th amend. U.S.C.A. Confers both protections of substantive due-Process and procedural due-process rights, citing, U.S. Vs. Selerno; 481 U.S. 739 / 107 S.Ct. 2095 (1987) and Daniels V. Williams; 474 U.S. 327, 331 \ 106 S.Ct. 662 (1986): Stating words "By the Law of the Land" were intended to secure the individual from the arbitrary exercise of the powers of the government All made Applicable and enforceible against the states Through the Fourteenth amendment, U.S.C.A. 114 S.Ct 807. (1994) supra. see Willhauck V. Flanagan 101 S.ct. 10 (1980), for The Exact formula Arguendo herein. in part. Also Tijerina Vs New Mexico 94 S.Ct. 3085. as cited in Thompson V. Oklahoma, 97 Sct 768 (1970) citing Harris V. Oklahoma, 97 Sct 2912, citing

4

Smalis v. Pennsylvania 106 S.Ct. 1745, and Ashe vs. Swenson, 90 S.Ct. 1189 (1970), citing Abney v. U.S. 97 S.Ct. 2034 (1977) and cases cited.

5.                    **FACTS**

6. According to the District Attorney's statement of the case of Suffolk County explains the facts and supports my arguments; see statement of Daniel Hourihan Statement of the case. & Dedham Police Reports.

7. The petitioner seeks Declaratory Judgement That MASS.R.crim.P. 37(B)(2) is unconstitutionaly & Repugnant to my 5th & 14th amendment privileges and Immunity's Clauses Guarintee'ing. That no state shall make Nor enforce any Law which abridges The privileges and Immunities of the citizen, made enforcible upon the states through the 5th amendment U.S.C.A. Double Jeopardy prohibition for the citizen to be Free From (successive proceedings) of connected & Related charges in more Then one proceeding as Guarinteed through the substantive and procedural due-process of Laws as applied to the citizen here and on The Face of Mass.R.crim.P. 37(B)(2). and moves this court to Discharge him from this unconstitution conviction & sentence that lacks Finality That The 5th amendment U.S.C.A. Demands as Does The Due-procedural & subtantive Due-process of Laws. to be Valid & Binding as Final Judgement, ie finality.

Date 8/30/04    In P-Ex-rel Richard D. Glawson

The petition verifies the Above is True under penalties of perjury    *Richard [signature]*
                                         SBCC \BOX 8000 Shirley, MA. 01464

5

## Certificate of Service

I Richard Dawson hereby certify This following Documents were served on All Parties. 1 Robert Keaton & 2 Lois Russo at 45 Shawmut St. Canton, Ma, 02021 and SBCC \ Box 8000, Shirley, Mass. 01464

Dear Clerk

Find enclosed The following Documents, for Docketing
1  civil cover sheet,
1  U.S. District Court, Application to proceed without Pre payment of Fee And Affidavit with Inmate Account sheet
1  U.S. District court summons
1  U.S District court Varified civil compaint,

Dear Clerk Please Docket the Papers with a Docket # and return with 2 U.S. marshalls Subpoena's. to the address below

Date 8/30/04

Richard Glawson
Richard Glawson
SBCC, \ Box 8000, Shirley, MA, 01464

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 7

TO: (A) (1) _Robert Keaton_ & (2) _Lois Russo,_
_45 Shawmut Ave Canton, MA. 02021_ / _SBCC Box 8000 Shirley, MA. 01464_

as (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the

(D) _County of Worcester_ District of _Massachusetts_

and has been assigned docket number (E) _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _9/30/04_ day of _30_, _2004_.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

ATTACHMENT 8

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____,

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                     (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                    (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.