UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
RICHARD D. GLAWSON,            )
                               )
        Petitioner,            )
                               )
v.                             )     Civil Action No. 04-12025-MLW
                               )
ROBERT KEATON, et al.          )
                               )
        Respondents.           )
_____)
```

## MOTION FOR MORE DEFINITE STATEMENT

Respondents move, pursuant to F.R.C.P. 12(e), for an order requiring Petitioner to a file more definite statement, in particular for an order requiring Petitioner to file a petition that plainly sets forth his claim and is in compliance with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court [hereinafter "the Habeas Rules"].  In support of the motion, Respondents state that:

1. On September 13, 2004, Petitioner filed a "Verified Civil Complaint" (Paper No. 2) [hereinafter "the Original Petition"], naming as defendants the Norfolk County District Attorney, and the Superintendent of Souza-Baranowski Correctional Center, where Petitioner was then confined. The Original Petition invoked this Court's jurisdiction under, *inter alia*, 28 U.S.C. § 2241 and sought release from what Petitioner argues is an unlawful conviction.

2. On December 29, 2004, Petitioner filed a second "Verified Civil Complaint" (Paper No. 5) [hereinafter "the Amended Petition"] that names as defendants the Attorney General of Massachusetts and members of the Suffolk and Norfolk County District Attorneys' Offices, but not Petitioner's current custodian. The Amended Petition does not refer to habeas corpus and does not

claim that Petitioner's current imprisonment is illegal, but seeks a "civil injunction" against certain specified criminal proceedings pending in Suffolk County Superior Court.

3. On January 7, 2005, this Court issued an order requiring Respondents to respond to the Original Petition and the Amended Petition, and further requested that Respondents provide materials indicating whether Petitioner has exhausted the remedies available to him in State court with respect to the matters raised in the pleadings.

4. As Petitioner sets forth in the Amended Petition, in February, 2001, he embarked on a multi-day campaign of criminal activity across Suffolk, Middlesex and Norfolk counties, which resulted in serious criminal charges in all three jurisdictions. *See* Amended Petition at ¶¶ 4-11, Attachment 5.

5. Petitioner pleaded guilty to certain of the Norfolk County indictments on February 20, 2003, and was subsequently sentenced to a 15 to 20 year term of imprisonment; the Suffolk County indictments remained pending. *See* Amend. Pet. at Att. 5.

6. The Original Petition and Amended Petition are not substantially in form mandated by Rule 2(c) of the Habeas Rules in several important respects that preclude Respondents from meaningfully responding to the pleadings:

(a) Habeas Corpus Petitions may only be used to challenge confinement arising from proceedings in one state court. Rule 2(d). Petitioner must specify whether he intends to challenge the existing convictions entered by the Norfolk County Superior Court, or instead to challenge the future ability of the Suffolk County Superior Court convict him on the pending charges. If Petitioner intends to make both challenges, he must do so in separate proceedings. Rule 2(d).

(b) The proper respondent to the Petition depends upon whether Petitioner is challenging his custody on the Norfolk convictions or his future custody on potential Suffolk County convictions. Rules 2(a) and (b).

(c) The defenses available to Respondents, including failure to exhaust state remedies and the statute of limitations, depend on which state court proceedings Petitioner intends to challenge. *See* 28 U.S.C. §§ 2244(d), 2254(b).

7. Requiring Petitioner to comply with the Habeas Rules and to file a Petition substantially in the form required by Rule 2(c) would aid Respondents responding to the complaint, and aid this Court in adjudicating the petition in several respects:

(a) The form petition requires Petitioner to identify clearly what state court proceedings he intends to challenge, which will aid Respondents in identifying the proper respondent to the petition, and in specifying defenses to the petition.

(b) The form petition requires Petitioner to clearly set forth what previous state proceedings he has used to raise his claims and the dates of those proceedings, which will assist Respondent in identifying what proceedings are relevant for exhaustion and statute of limitations defenses.

(c) The form petition requires Petitioner to clearly and briefly set forward the basis for his challenge; under the current pleadings, Respondents would be required to speculate as to what the nature of Petitioner's claim or claims is.

For these reasons, Respondents respectfully request that the Court allow their motion for a more definite statement, and require Petitioner to file in a timely fashion a petition clearly setting forth the basis of his habeas corpus challenge in a form substantially in compliance with Rule 2(c) of the Habeas Rules.

                                                Respectfully submitted,
                                                THOMAS F. REILLY
                                                ATTORNEY GENERAL

                                                /s/ David M. Lieber
                                                David M. Lieber (BBO# 653841)
                                                Assistant Attorney General
                                                Criminal Bureau
                                                One Ashburton Place
                                                Boston, Massachusetts 02108
Dated: February 1, 2005                   (617) 727-2200 ext. 2827