United States District Court
for the state of Massachusetts.

C.A. 1:04 CV 12025 MLW

Richard Latanson (Petitioner)
Vs.
1. Robert Keaton (et al.)
2. Robert W. Nelson
3. Comm. of Correction Dennehey
4. Norfolk County Superior Court & Town of Dedham

SCANNED DATE: 4-18-05 BY: KBoyce

---

Petition for A Speedy Hearing before Issue become Moot

1. Petitioner moves this court to Mark the above case on the court Calendar for A speedy Hearing date before the issue becomes moot.

2. As Ground for;

3. The petitioner avers that the future rights of the petitioner are effected by the current Suffolk county prosecution by the case above specifying;

4. The Norfolk County case charges were seperated into Two seperate Jurisdiction, as a result the Norfolk County Trial & ensuing conviction (over-flow) into Suffolk County acting as a continuing prosecution. As a result of a prosecutorial choice to multiply odds at gaining a conviction in either county

5. The Norfolk County Ended without finality in the conviction effecting the Jurisdiction in the Judgement & sentence As Required by the "Protection of the 5th amendment U.S.C.A. made applicable upon the states Through the 14th amendment U.S.C.A. due process of law. Albright V. Oliver 114 S.ct 807.(1994)

1

6. The right being effected, is the claim of former Jeopardy in the Suffolk county case cannot be legally adjudicated on (same evidence & same offence claims); because of the lack of finality & Jurisdiction (infra parcs) in the Norfolk County Conviction continuing in overflow on the charges that all grew out of the same criminal coarse of conduct, evidence and crimes charged in both counties on M.G.L.A. c. 41 § 98(A) Fresh & Continued pursuit statute that were supposed to have been prosecuted in a single proceeding in Norfolk County as a Authority by statutory powers M.G.L.A. c. 41 § 98(A). empowers prosecutor to charge encompass criminal conduct & fact by charges the flow or grow out of or within the Fresh & Continued pursuit following Arrest.

7. Petitioner has exausted inner state remedies SJ-04-0299 at the states highest court.

8. The petitioner cannot avial his claim of former Jeopardy in the ordinary appellate process as the threatened pending prosecution in Suffolk County is A portion of Related Indictments SUCR-01-10249 count 9 to 18 Too the Norfolk County conviction & sentence the lack finality in the conviction & Jurisdiction in both making the custody one which deprives liberty in derogation of the United States 5th amendment double Jeopardy procedural requirement U.S.C.A. Together with the 5th & 14th amendment U.S.C.A. substantive & procedural due-process of law. off all related offenses growing out of the same coarse of

2

and enforcible Through the 14th amendment U.S.C.A. Guarintee in the Due-process & privileges and Immunity Clauses, Together Act as whole, The Freedom From The Risk of being place Twice in Jeopardy for Related offences; Violates the Arbitrary and capriscious law enforcement and Immunity of double Jeopardy. Ashe V. Swenson, 399 F.2d 40, 90 S.ct. 1189 As cited in Harris V. Oklahoma 97 S.ct. 2912 (1970) citing. Desenting oppinion in Thompson Vs. Oklahoma 97 Sct 768 (1970) citing Willhauck V. Flannigan, 100 Sct 10, (1980), see Also, N. Carolina V. Pierce, 89 s.ct. 2072 (1969) citing, U.S. Vs. ball, 21 s.ct. 762 & 16 s.ct. 1192 & In Re Nielson 9 sct. 672, and cases cited Therin; see, Also Extraterritorial arrest police powers beyond the assigned Jurisdiction 41§98(A), M.G.L.A.E. One Arrest indicates one case.

**A).**                     Facts.

9. The Petitioner presents That On 2\2\03 In Norfolk Superior court Jeopardy Attached And Trial began.
10. The petitioner plead Guilty On 2\20\03.
11. On 2\16\01 Petitioner was suspected for shop Lifting in The dedham mall with A female companion.
12. The suspiscion Lead to a Police and mall security Confrontation with accused as reported, The confrontation in The dedham Mall sears Turned into a Donnybrooke, and the Escape of the mall Petitioner. The mall Detail officer called Dispatch for back up. When the Detail officer went outside The sears pick up Doors, He Alleges A male was standing There saying, someone stole my car. The Detail officer forwerded The description of the Vehicle of the Direction it was going in.

(3)

13. The Dedham Dispatch reported over the radio the Color\make\model of vehicle stolen. and a partial Plate.

14. Dedham Cruiser driven by A Michael Buckley and officer Munchback. Alleged to have seen a vehicle comming in there direction which Then The officer Activated The Sireanes and Lights and gave pursuit of the vehicle until it crashed. As reported by P\O Buckley

15. P\O Buckley then reports he gave a foot chase to The 2369 rear gate and seen The escapee Leap over fence. P\O Buckley Then reports he rammed the gate open and heard 2 Gun shot. He reports he was hit in the hand and backed away from 2369 rear gate now in W. Roxbury Boston. At 2369 center st

16. P\O Buckley Reports multleple shot fired officer down suspect down.

17. All Dedham Police and correctional officer with Boston Police and state Police Dog Patrol began a command center and back yard Search of fresh Tracks in the snow. until the Dedham offers with state police dog with Boston Police capture the suspect As reported by -DPD- reportings At 135 eastwood circuit west Roxbury. Boston. Ma. where Police Alleged to Have Conducted a search incident to Arrest. and Claimed to have found A .38 charter Arms firearm and 1 Bullett Loaded in the chamber. Along with other bullistic evidence and A wallet.

18. On 2\20\01 Petitioner was arraigned in West Roxbury district court on 18 counts. Then In Dedham District ct. on 18 counts.

(4)

18. The Prosecutors should have consolidated the charges at Indictment or at Trial in Norfolk Superior court.

19. Due to the Lack of Joinder or consolidation there is "No Finality in the Dedham conviction or or sentence as required by the 5th amendment US.CA. Green v. U.S. 78 S.ct. 221 (1954). Because the Petitioner is still being prosecuted for the Possession of A firearm and Amunittion and the armed assualt with Intent to murder Officer Buckley and some vehicle charges.

20. The charges are (related offences) according to M.G.L.A. c. 43 A § 2-(14) and the case Law above.

21. The petitioner is unable to make a claim of Double Jeopardy due to the Lack of Finality which makes the first Norfolk conviction Bindind by Law as an End to that case. In this situation it it does not work because I am still being prosecuted for offence that grew out of the same conduct, episode Transaction. see rule 2-(14) M.G.L.A Rules of criminal procedure, see M.G.L.A.c. 41 § 98(A) And the supporting case Law (supra) which leaves the Norfolk conviction void and non binding.

22. The Prosecutorial Misconduct knowingly seperating Related Charges to gain a tactical advanantage ie successive chances at gaining a conviction in either or county is Arbitrarily and Capriscously being enforced and

(5)

is depriving the defendant Petitioner a viable Immunity of Double Jeopardy and substantive and constitutional Defense after Jeopardy attached in Norfolk county, but for there is no finality the Petitioner is unable to avail that Constitutional defense until this Court stops the prosecution on my motion for A Stay prosecution pending The Supreme Judicial courts order which has subsequently been denied S.J 2004-0299.

B.   CONCLUSION

23. Wherefore the Petitioner respectfully Request the next available sitting for Justice to Rule on or reserve and send it up to the full court for it's consideration

24. The Petitioner states this Petition is supported by the Attached Grand Jury minutes and Police reports of Norfolk county, under the penalties of perjury (see Actual Petition Index pg 12, Attached.

date 9/18/04

I R. Glawson certify the 3 countyes envolved have been mailed via 1st class mail, on:_____

C. A.D.A. Cody Flaschner (Suffolk)
C. A.D.A. Robert Nelson (Norfolk)
C. A.D.A. Steven Loughlin
C. File

Respectfully Submitted by
Richard Glawson
Richard Glawson
~~SBCC Box 8000~~
~~Shirley, MA, 01464~~
MCI Walpole.
S. Walpole, Ma 02071

(6)