United States District Court
for The state of Massachusetts

C.A. 1:04 CV 12025 MLW

Richard Clawson (petitioner)

Vs.                                    (Ammended Petitioner)

1. Robert Keaton (et.al) (Respondents) 45 Shawmut ave, Canton, MA.

2. Robert Nelson

3. Commissioner of Corrections Dennehey, 50 Maple st. Milford, MA.

4. Norfolk Superior Court & Town of Dedham.                01757

Petition for the Writ of Habeas Corpus to Issue

A.    Statement & Introduction to the Issues

1.    Petitioner files pursuant to 28 U.S.C.M. 2241(C)(3)-2254 B)1)(a).
seeking the writ of Habeas corpus to issue against his
Loss of Liberty by conviction & sentence that are Lacking
finality & Jurisdiction and the custody is thus illegal & inconstitutional
as result of the selection in the Made of prosecution That
violates substantive & procedural due process of Law to the Requirements of
double Jeopardy) finality; Attaching to a conviction & sentence
out of Norfolk County Superior Court Nocr-01-00117-1-16
on 2/20/03, That deny petitioner a former jeopardy defense in Related proceedings,

B.          Facts & Grounds for relief

2.    ON 2-16-01, Norfolk county dedham police reported an
Armed Carjacking & shots fired with a description of the vehicle
& The direction it was headed.

3.    Dedham Police officer Michael Buckley report to Dispatch that
he picked up the vehicle & was in pursuit with Lights activated.
He reported to Pursue to vehicle From Norfolk County dedham into
Suffolk County Boston, ending in Arrest.(see Grand Jury testimony).
(#5 & 6). ON 2-17-01. Resulting in Both County's Pressing charges
Based on The same conduct, Nature & Facts of pursuit & Arrest.

1

4. The Arrest falls under the Fresh & Continued pursuit statute M.G.L.A.c. 41 § 98A and the seperation of charges growing out of The same conduct & Nature ie. Fresh & Continued pursuit Statute by Law should have men't All Charges that grew out of That conduct Leading to The Arrest should Have All been charged in one proceeding.

5. As A direct result of Both suffolk & Norfolk county assistance Aiding The Norfolk County Fresh & Continued pursuit to the arrest. The prosecution selectively filed certain charges in Norfolk County dated 2/16/01; & suffolk Took The slack on The Remaining offenses based on SUCR-2001-10249-Counts 9-Through-18. All counts in both counties relied upon the Fresh & Continued pursuit Identified as escape conduct; See Grand Jury testimony (Attached # 5-6).

6. The Norfolk County Trial commenced on 2-12-03 Ending in a conviction on 2-20-03 and 15 To 20 year sentence was Imposed on The 1st Two Indictment (see Millimusses attached ) #4)

7. As a direct result of The Failure of prosecutors to Fully charge All counts that grew out of The Norfolk county Fresh & Continued pursuit. The Norfolk County conviction & sentence facts nature & conduct are still be prosecuted in suffolk county on counts 9 Through 18, Leaving open ended; the Right to finality in a conviction U.S. V. Broce 488 U.S. 563 \ 109 S.ct. 757 (1989). _____ & Therefore Lacks Jurisdiction in the Norfolk county Case U.S. V. Velencia 311 F.3d 440 (3rd cir 1993). _____ As Required by the substantive

due-process of Law & The Double Jeopardy finality rule procedural requirement both of the 5th amendment made applicable upon the states Through the 14th amendment U.S.c.A. due-process of Law clause Albright v. Oliver 114 sict 807 (1994) and cases cited.

8.    On 3-29-01 Suffolk County Grand Jury returned 18 Bills & is a current pending prosecution docketed as SUCR-
-2001-10249-1-18.

9.    The counts SUCR-01-10249-1-18 specifically counts 9 Through 18 Are The Related Offenses flowing from the Norfolk county case which gives rise to the Aforementioned claims of The Norfolk county case, Ending without Finality & Therefore Lacks Jurisdiction; which Places This case, within the Line of relief by writ of Habeus corpus 28 U.S.c.A. 2241 (c)(1) U.S. const. Art 1 s.9 cl 2, as The Claims are Constitutional under The United States Constitution & The Loss of Liberty without due-substantial & procedural due process of Law to the 5th amendment Requirements under the double Jeopardy clause Finality Requirement as proceduraly required. & Enforcible Through the 6th article 2nd clause of the United States constitution, & Through the 14th amendment U.S.c.A.

10.    Both County Prosecutors refused to consolidate the cases For Trial under The prosecutors veto power M.G.L.A.c. 43(c) 3.37(B)(2),

11.    The direct result of prosecutor failure to Fully charge & or Consolidate The Norfolk county case with the suffolk county case or vise versa for Trial created a "Continuing prosecution" from Norfolk into suffolk county of All Related offenses That should have been by both due-process of Law & The 5th amendment double Jeopardy requirement of the procedural requirement that All

offenses that fall within the same episode, are required to be Tried within the same proceeding; specifically since the Norfolk County Fresh & continued pursuit statute M,G,L,M,G, 4I § 98A Authorized the prosecutors to - charge & Try All offenses that grew out of That Fresh & continued pursuit, Instead of Taking multiple shots at gaining a conviction by Tactical advantage that amounts to a substantive due-process of Law violation & are a Knowing purposefull Arbitrary Act, which is the cause of The Lack of Finality & Jurisdiction & Continuing prosecution In the Norfolk County conviction & sentence, which makes the custody Holding him, illegal & Unconstitutional.

12, Lack of Finality, & Jurisdiction, In a conviction, are Requisites of the Fifth amendment & Protected by the Fourteenth Amendment U,S,C,A, so a defendants Interest in a Final Binding Judgement can operate as an End to case & Controversey & protection From reprosecution. In this case, The petitioner cannot claim Former Jeopardy because the Norfolk Case is a Continuing prosecution with NO FINALITY or JURISDICTION to A valid & Final Judgement Binding in a conviction & Sentence. U,S, Vs, Broce, 488 U,S, 563 \ 109 S,ct, 757, (1982). & is Nugigatory, void, & Coram NON Judice. and the custody in Connection to this Unconstitutional Conviction & Sentence fall within U,S, Const, Art-1-s, 9 cl 2 \ 28 U,S,C,A, 2241 (C)(3) Stating 2241 (C) The writ of Habeas corpus shall not extend to A prisoner unless; 2241 (C)(3) He is in custody in violation of the Constitution or Laws of the united States. 28 U,S,C,A, 2254 2254 (b)(1) An Application for a writ of Habeas corpus on

behalf of a person in custody pursuant to a judgement
of a state court shall not be granted unless it appears that;
citing (b)(ii) circumstances exist that render such process ineffective
to protect the rights of the applicant.

13. The petitioner previously filed a similar writ of Habeas
corpus to the state Highiest court which was Denied (see Attached
#. 7) without any ruling of law or memorandum Which challenged
the custody under Federal Law. see Attached #7 writ of Habeas
corpus, ruling by the supreme Judicial court & opposition.
& docket entry sheets. (Attachment # 7 A - 6 see Index sheet).

14. No adequate ruling was made to support that decision
after claims falling under The United States Constitution & Federal
Statute 28 U.S.C.A. 2241 - 2254 Arizona Vs. Evans.
514 U.S. 1 - 8 \ 115 S.ct. 1185 (1995).

15. The challenge to the custody in the supreme Judicial was
Two Fold dealing with A Constitutional Claim that The prosecution
selection of offense in Two seperate Jurisdiction of one coarse
conduct & Nature in the Institution of the prosecution based on
All the above facts vrotated the 5th amendment requirement that All
The crime that grew out of one coarse of conduct Deprived him
of The right to claim Former Jeopardy of the Suffolk County
Indictments counts 9 Through 18 As result of the seperation
of offenses and Failure to charge All crimes or consolidate All
crimes that grew out of The Fresh & Continued pursuits Leaving
Thee Norfolk County case conviction & Sentence without Valid &

5

Final Judgment, thats binding to protect the defendant now petitioner, to A future prosecution; based on an Unconstitutional Continuing prosecution. as a result of Lack of Finality; & Therefore, Jurisdiction; putting the custody in question as falling within relief by the writ of Habeas corpus, because the continuing prosecution Creates a circumstance that the ordinary appellate process would provide No protection to avail the constitutional Claims to Former Jeopardy) Due to the inability by Law to do so, as result of the Lack of Finality & Lack of Jurisdiction in the Norfolk County conviction, sentence & custody, because The prosecution prejudicial Institution of selectiveness in the charging faze seperating one coarse of conduct into Two seperate Jurisdiction while Knowing the Fresh & Continued pursuit statute M,G,L,A,c, 41 § 98(A) clearly Authorizing Norfolk county To charge All Related offences, M,R,Crim,P 2-14 In one proceeding (see, Harris Vi Oklahom 97 S,ct 2912 (1972) & A replica case Whillhauck V. Flannagan 101 S,ct 20 (1980), (Attachments II - G). which Leaves the petitioner defenseless to the Suffolk County prosecution to Claim former Jeopardy of the related offenses failed to be charged & or Consolidated As a prosecutorial choice under M,G,L,A,c, 37(a)(2) veto power, from consolidating Related crimes for Trial.

16.    Petitioner exausted state remedies by filing his petition for The writ of Habeas corpus as required by statute 28 U,S,C,A, 2254 (b)(1),(A).

6

C.                           Arguement 1

16.    The 5th amendment U.S.C.A. Double Jeopardy Clause procedural
requirement Attaching to any criminal prosecution based on
one cease of conduct & Nature shall one; All be Tried in "One
proceeding" As required by substantive & procedural due-process of law.

17.   In the case at bars On 2\6\01 Through 2\17\01 The
Norfolk county dedham police Alleged a reported Armed Assault &
armed Carjacking & Armed Robbery and shots fired (see Grand
Jury testimony Attached #5) The testimony & evidence indicate
a 2-11 in progress, A foot pursuit followed by A Downeybrooke
Leading to shots fired to the Armed Assault & carjacking, and High
speed pursuit from Norfolk County dedham into Suffolk county
west Roxbury-Boston & Arrest in the Norfolk county Trial & conviction
Prosecutor Introduced the Fresh & continued pursuit as Identified
as consciousness of guilt conduct & Nature as "escape".

18.   In that prosecution they also Introduced conduct that
This petitioner was Identified as the Assailant who committed
the precise acts Alleged And in proving that case they Introduced
Facts Com V, Beneficial Finance company 360 Mass 188 \
52 ALR 3d 1193 cert-den 407 U.S. 910 cert-den 92 S.ct 2448
& cert-den 92 S.ct. 2433 cert-den 92 S.ct. 2434 (1971) That the
Petitioners continuance, escape the Police use of force, & continued
Fresh & continued pursuit M.G.L.A.c. 41 § 98(a) Authority to the
Arrest encompasses All crimes Alleged to be committed within
That 2\16\01 Through 12\17\01 Acts claiming the petitioner
was stoped by police in an attempt to arrest the Lead to the
reported petitioners fight with police which he evaded arrest &

7

Then Armed carjacked an Identified vehicles and led police from Dedham into Boston where The reported Armed assaulted on a police officer, & was Hunted down by man Hunt until his eventual arrest 4 Hours Later in Boston Area-18 District Hyde park, charging the petitioner iN' Both Norfolk & Suffolk county (see infra)parraaraph #5. & Indictments from both counties Attachment #6. which Norfolk was required to charge All charges by the authority of the fresh & Hot pursuit statute m.s.d. A.c. 41 § 98(A) 7(E) citing case Laws Incorporated to this argument, which All offenses dated 2\6\01 Through 2\17\01 are foreclosed by The (Norfolk County Trial Facts) Commenced 2\12\03 & conviction obtained on 2\20\03, (Enfra-parr. 18) Com V. Bennificial & parr-16 Morgan V. Divine. which specifying Indictments "Related" M.R. Crim P-2-14 Attachment 7(0) & #6. All Included within the Arrest Flowing backwards To the scene of crime Include Norfolk Superior Court Nocs 2001-02117-1-16 & SUCR-10249-1-18 ("connt 9 Through 18"), for Identifining what indictment fall within the same conduct. "As to the same firearm & Ammunition charges" Indictments Norfolk County NOCR-01-0117 connts 6 8 7 (As the same as Suffolk County SUCR-01-10249-connts 13 8 14-8 15, And as to Same offences under the Traditional Blockburger same ellements Test Blockburger V. U.S. 284 U.S. 299 \ 52 S.ct. 180 (1932), and as to the same evidence As to the proof of Facts that were once Tried & Convicted on being At the Norfolk county Trial are (A) The Accused Identity (B) The coarse of conduct introduced as as flight ie, escape to introduce the consciousness of guilt,

8

(C) The Identity of A certain weapon & Ammunition, (D) The Identity of clothing, (E) The Identity of eye witness Testimony, (F) The Identity of "Facts following the scene of the crime up to the arrest (G) The numerous List of the Identity of evidence (see attachment & photograph List.) (H) The Identity of Grand Jury & Arrest Testimony by police witnesses. In Norfolk & Suffolk county Grand Jury Police witnesses Charles Morris & Michael Buckley Both Introduced As Trial witnesses Testimonial evidence. (I), The Identity of Photographic evidence (J) The Identity of whereabouts, & Locations encompassed by the Arrest Through Trial & conviction. The test of the Identity of offenses is whether the same evidence is required to prove Them citing Blockberger v. U.S. (supra) & Morgan V. Divine 237 U.S. 632 (35 S.ct. 712 (1915), The Case at bar. Falls under the Fresh & Continued pursuit flowing Through out the entirety from 2\16\01 To 2\17\01 by statutory Authority M.G.L.A. c 41 §98(A) and the procedural requirement of the 5th amendment U.S.C.A. double Jeopardy clause Together with the 5th & 14th amendment substantive & procedural due-process of Law, made applicable upon the states through the 14th amendment U.S.C.A. Albright Vs. Oliver 114 S.ct 807 (1994). And cases cited therein,

19. The primary consideration that slipping through the cracks; Is the prosecution Had complete statutory authority in Norfolk county to prosecute the complete range of charges the grew out of 2\16\01 Through 2\17)01 and this was a tactical choice by Norfolk county only to gain a tactical advantage in Bad faith to obtain a conviction by separating one coarse of conduct into

9

Two seperate Jurisdiction, That Endly resulted in a continuing prosecution; without Finality in the proceedings., & therefore effecting the Jurisdiction to claim a former Jeopardy agianst The Related threatened Multiple prosecution & multiple punishments as a result of A Skilled(1st assistant prosecutors) purposefull conduct, to Gain a Tactical advantage the denies him due-process of Law.

20.   The End effect of that conduct of Norfolk county prosecution effects the petitioner constitution right claim former Jeopardy in The Related offences; & same Firearm & Ammunition offences in the Suffolk county prosecution pending because There is No Valid final Binding Finality & Jurisdiction attaching to the conviction & sentence As To claim Former Jeopardy. See concurring oppinion in Harris V. Oklahoma 433 U.S. 682 (1977) & Case cited (see) Thompson V. Oklahoma 429 U.S. 1053 (1977), (See Related offenses (R.C.R.P. 2-14)

E,                          Conclusion

21   The violation of substantive & due-process in the Institution of the prosecution that seperated several incidents in one coarse of continuing conduct into seperate proceedings Also offended The 5th amendment double Jeopardy finality procedure attaching to a conviction ending a conviction & sentence out of the Norfolk superior court that Has no Jurisdiction as there is no Finality in Final Judgement. Because the prosecution is a continuing one From Norfolk (into) suffolk county after Jeopardy attached in one proceeding of related offences, effecting

10

A Double Jeopardy Former Jeopardy defense claim as a Requisite of the 5th amendment U.S.C.A. procedure of double Jeopardy Clause made applicable upon the states through the 14th amendment U.S.C.A. due process of Law clause 114 s.ct. 807 (1999). The Lack of Jurisdiction due to Lack of finality to a Valid & Final Judgement U.S. V. Broce (supra). puts The custody effected by Jurisdiction cleanly within the Lines of The writ of Habeas corpus Attack against this unconstitutional Imprisonment by unconstitutional conviction & sentence.

F.                    Parties

22.    The petitioner is a U.S. citizen who resides in Massachusetts at MCI-Cedar Junction Box 100 s, Walpole, Ma. 02071

23.    Respondants are all U.S. citizens, respondant # 3 Is the overseer of the keepers who Hold the custody of petitioner. respondant # 1 Is required by law M.E.S.C.A. c. 12 § 3 To answer for the parties, who are all government employee's.

G.                    Jurisdiction

24.    This court has equity, comity & Federalism Jurisdiction; case Controversy, Ordainal, plenary, Subject matter, statutory & Constitutional & common Law Jurisdiction over this case. U.S. const. Art III, cl 2, Art 6 cl. 2 ; Art 1 s 9 cl 2, 28 U.S.C.A. 2241-2254, Younger V. Harris 401 U.S. 37 91 s.ct. 746 (1971) Samuels V. Mackell 401 s.ct. 61 91 sct. 764 (1923).

11

H.                    Remedy

25.    The remedy sought by petitioner. Is;

A.    Release to the 10 million dollars bail on pending
Indictments in Suffolk & Middlesex county pending
prosecution.

B.    Request for A speedy Hearing for evidentuary purposses.
Request for A speedy Hearing before this petition becomes
Moot by the scheduled Suffolk county Trial in May
as the Issue enclosed effect petitioners constitutional right
to claim Former Jeopardy.

C.    For A Declaration under statute 28 u.s.c.A. 2201 & 2202
under the 1934 Johnson Act; to Declare that the 5th amendment
procedurally requires That All Charges That grow out of
a Fresh and continued pursuit arrest be all included
within the same proceeding.

D.    Request for the presence of petitioner to argue the writ
for Habeas corpus release. for Evidentuary value.

E.                    Varification

26    The petitioner varifies the above & Attached are True under
the penalties of perjury according to the record.

date _____

                        by Him Pro-Se Richard Elawson
                        _____
                        MCI-Cedar Junction Box 100
                        S.Walpole, Ma. 22071

12