*01-10249-001*

INDICTMENT

**Assault by Means of a Dangerous Weapon**
**C. 265, §15B (b)**
**Habitual Criminal**

# *Commonwealth of Massachusetts*

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February, did commit an assault upon one Thomas McCarrick, by means of a certain dangerous weapon, to wit: a

handgun.

**THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that**

## RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery, Docket # 061089 said crime having been committed on the second day of September in the year of Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Daniel F Hemper_
Assistant District Attorney

_Gloria Green_
Foreman of the Grand Jury

Superior Court Department - Criminal Business

March, Sitting, 2001

MAR 27 2001
Returned into said Superior Court by the Grand Jurors and ordered to be filed.

_J.R.A. Nucci_
Clerk Of Court

A TRUE COPY
Attest
Assistant Clerk-Suffolk
Superior Criminal Court

01-10279-001

**INDICTMENT**

**Breaking and Entering Building Day Time with Intent to Commit a Felony**

**C. 266, §18**

# *Commonwealth of Massachusetts*

SUFFOLK, SS.

At the **SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,**

begun and holden at the **CITY OF BOSTON**, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

**THE JURORS** for the **COMMONWEALTH OF MASSACHUSETTS** on their oath present that

## RICHARD GLAWSON,

on February 12, 2001, did break and enter the building of one Hi Won Park, situated in Boston, with intent therein to

commit a felony, to wit: Larceny over Two Hundred-Fifty Dollars..

A TRUE BILL

_____          _____
*Assistant District Attorney*                              *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*          *March, Sitting, 2001*

MAR 27 2001

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

_____
*Clerk Of Court*

**A TRUE COPY**
**Attest**

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

**INDICTMENT**

Larceny
C. 266, §30

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of march in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 12, 2001, did steal one safe and a .38 Caliber handgun, of the value of over two hundred and fifty dollars, of the property of Hi V/on Park.

A TRUE BILL

_____
*Assistant District Attorney*

_____
*Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*

*March, Sitting, 2001*

MAR 2 7 2001

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

_____
*Clerk Of Court*

**A TRUE COPY**

**Attest** _____

**Assistant Clerk-Su!**
**Superior Criminal Cou**

01·10249-001

**INDICTMENT**

**Armed Carjacking**
**C. 265, §21A**

**Habitual Criminal**

# Commonwealth of Massachusetts

---

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on February 15, 2001, with intent to steal a motor vehicle, did assault, confine, or put in fear Barry Person for the

purpose of stealing a motor vehicle while being armed with a certain dangerous weapon, to wit: a handgun.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery, Docket # 061089 said crime having been committed on the second day of September in the year of Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Daniel F. Hourihan_
Assistant District Attorney

_Gloria Green_
Foreman of the Grand Jury

Superior Court Department - Criminal Business

MAR 27 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

March, Sitting, 2001

A TRUE COPY
Attest _James M. Cardi_
Assistant Clerk-Suff.
Superior Criminal Cou..

_P. A. Nucci_
Clerk Of Court

INDICTMENT

Operating Motor Vehicle After Suspension Of License
C.90, § 23

# Commonwealth of Massachusetts

---

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 15, 2001, upon a certain way, in the City of Boston, did operate a certain motor vehicle, to wit: an

automobile, after his license to operate motor vehicles within the said Commonwealth had been suspended and prior to

the restoration of such license or the issuance to him of a new license to operate motor vehicles.

A TRUE BILL

*Daniel F. Hourihan*
Assistant District Attorney

*Scoria Green*
Foreman of the Grand Jury

Superior Court Department - Criminal Business

March, Sitting, 2001

MAR 27 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

*L. G. Nunni*
Clerk Of Court

A TRUE COPY
Attest *James Meade*

Assistant Clerk-Suffolk
Superior Criminal Court

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 15, 2001, upon a certain way in the City of Boston, to wit: Basile St., did operate recklessly a certain motor

vehicle, to wit: an automobile, so that the lives and safety of the public might be endangered.

### A TRUE BILL

_____                         _____
*Assistant District Attorney*                              *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*              *March, Sitting, 2001*

MAR 27 2001

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

_____
*Clerk Of Court*

A TRUE COPY
Attest
Assistant Clerk-Suffolk
Superior Criminal Court


## *Commonwealth of Massachusetts*

---

**SUFFOLK, SS.**

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on February 15, 2001, did break and enter in the night time the building of one Christopher Ahearn, situated in Boston,

with intent therein to commit a felony, and thereby put Christopher Ahearn, who was lawfully therein, in fear.

A TRUE BILL

*Assistant District Attorney*                      *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*          *March, Sitting, 2001*

MAR 2 7 2001

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

*Clerk Of Court*

**A TRUE COPY**
**Attest**

**Assistant Clerk·Suffolk**
**Superior Criminal Court**

## *Commonwealth of Massachusetts*

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on February 15, 2001, did knowingly enter the dwelling place of one Christopher Ahearn, in Boston, and remained in

such dwelling place knowing or having reason to know that one or more persons were present within while armed with a

dangerous weapon, to wit: a handgun, and used force upon Christopher Ahearn within such dwelling.

**A TRUE BILL**

*Daniel F. Harnton*                          *Scoria Green*
*Assistant District Attorney*                 *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*          *March, Sitting, 2001*

**MAR 2 7 2001**

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

*John A. Nucci*
*Clerk Of Court*

**A TRUE COPY**
**Attest**

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

Operating Motor Vehicle After Suspension Of License
C.90, § 23

**INDICTMENT**

## Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that


## RICHARD GLAWSON,


on February 16, 2001, upon a certain way, in the City of Boston, did operate a certain motor vehicle, to wit: an

automobile, after his license to operate motor vehicles within the said Commonwealth had been suspended and prior to

the restoration of such license or the issuance to him of a new license to operate motor vehicles.


A TRUE BILL


*Assistant District Attorney*                    *Foreman of the Grand Jury*



*Superior Court Department - Criminal Business*          *March, Sitting, 2001*

**MAR 2 7 2001**

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

*Clerk Of Court*

**A TRUE COPY**
**Attest**

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

Operating Motor Vehicle Negligently So That Lives And Safety Of The Public Might Be Endangered
**INDICTMENT**                                                C.90, § 24 (2) (a)

## Commonwealth of Massachusetts

_____

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on February 16, 2001, upon a certain way in the City of Boston, to wit: Centre St., did operate recklessly a certain motor

vehicle, to wit: an automobile, so that the lives and safety of the public might be endangered.

### A TRUE BILL

_Assistant District Attorney_                    _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_            _March, Sitting, 2001_

MAR 2 7 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

**A TRUE COPY**
**Attest**
**Assistant Clerk-Suff**
**Superior Criminal Co**

CI-10249-011

INDICTMENT

**Armed Assault to Murder**

**C. 265, §18 (b)**

**Habitual Criminal**

# Commonwealth of Massachusetts

———————

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 16, 2001, being armed with a certain dangerous weapon, to wit: a handgun did assault Michael Buckley with

intent to murder him.

**THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that**

# RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery,

Docket # 061089 said crime having been committed on the second day of September in the year of

Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon

to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and

Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of

November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was

sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a

term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_____
Assistant District Attorney

_____
Foreman of the Grand Jury

Superior Court Department - Criminal Business

March, Sitting, 2001

MAR 27 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

A TRUE COPY
Attest _____
Assistant Clerk-Suffo"
Superior Criminal Cou..

_____
Clerk Of Court

INDICTMENT

*01-10249-012*

**Assault and Battery by Means of a Dangerous Weapon**

**C. 265, §15A**

**Habitual Criminal**

## Commonwealth of Massachusetts

---

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 16, 2001, did commit an assault and battery upon one Michael Buckley, by means of a certain dangerous

weapon, to wit: a handgun.

**THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that**

## RICHARD GLAWSON,

**on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery, Docket # 061089 said crime having been committed on the second day of September in the year of Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.**

**and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).**

**THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that**

## RICHARD GLAWSON,

and that said **RICHARD GLAWSON**, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Donald F. Hurrh_
_Assistant District Attorney_

_Nora Queen_
_Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_
MAR 27 2001

_March, Sitting, 2001_

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_John A. Nissi_
_Clerk Of Court_

A TRUE COPY
Attest _____
**Assistant Clerk-Suffo**
**Superior Criminal Cou**

*01-10-49-013*

**INDICTMENT**

Possession of Firearm, Not Home/Work, No License
C. 269, §10 (a)
**Habitual Criminal**

# Commonwealth of Massachusetts

---

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord one thousand nine hundred and ninety-nine.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on February 17, 2001, did unlawfully and knowingly have in his possession, a firearm as defined by G.L. c. 140, § 121,

that is, a weapon from which a bullet could be discharged and of which the length of the barrel was less than sixteen

inches, the said RICHARD GLAWSON not being present in his residence or place of business, not having in effect a

license to carry firearms issued under G.L. c. 140, § 131 or 131F, and not complying with the provisions of G.L. c. 140, §

129c and 131g.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery, Docket # 061089 said crime having been committed on the second day of September in the year of Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Daniel F. Hernlen_
Assistant District Attorney

_Escoria Green_
Foreman of the Grand Jury

Superior Court Department - Criminal Business
MAR 2 7 2001

March, Sitting, 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

_John A. Nucci_
Clerk Of Court

A TRUE COPY
Attest _James M Pardi_
Assistant Clerk-Suffolk
Superior Criminal Court

*01-10249-014*

**INDICTMENT**

Possession of Firearm, Not Home/Work, No License
C. 269, §10 (a)
Armed Career Criminal
M.G.L. Ch.269, § 10G

## Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord one thousand nine hundred and ninety-nine.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did unlawfully and knowingly have in his possession, a firearm as defined by G.L. c. 140, § 121,

that is, a weapon from which a bullet could be discharged and of which the length of the barrel was less than sixteen

inches, the said RICHARD GLAWSON not being present in his residence or place of business, not having in effect a

license to carry firearms issued under G.L. c. 140, § 131 or 131F, and not complying with the provisions of G.L. c. 140, §

129c and 131g.

Possession Of Firearm, Not Home/Work, No License
C.269, §10 (a
Armed Career Criminal
M.G.L. Ch.269, § 10G

-2-

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their present that

## RICHARD GLAWSON,

on November 4, 1999, prior to the commission of the offense heretofore described in this indictment, was convicted in the Suffolk Superior Court, Docket # 98-10564 of the crime of Assault with a Dangerous Weapon.

on March 26, 1987, prior to the commission of the offense heretofore described in this indictment, was convicted in Suffolk Superior Court, Docket # 061089 of the crime of Armed Robbery.

on September 14, 1994, prior to the commission of the offense heretofore described in this indictment, was convicted in Essex Superior Court, Docket # 025455 of the crime of Assault & Battery on Public Employee.

A TRUE BILL

_Daniel H. Wright_
Assistant District Attorney

_Iscoria Green_
Foreman of the Grand Jury

Superior Court Department - Criminal Business

MAR 27 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

_John A. Nucci_
Clerk Of Court

March, Sitting, 2001

A TRUE COPY
Attest _James M. Bird_

Assistant Clerk-Suffolk
Superior Criminal

# *Commonwealth of Massachusetts*

---

**SUFFOLK, SS.**

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did own, possess or transfer possession of ammunition without complying with the requirements

relating to the firearm identification card provided for in G.L. c. 140, § 129C.

A TRUE BILL

*Assistant District Attorney*          *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*          *March, Sitting, 2001*

MAR 2 7 2001
*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

*Clerk Of Court*

**A TRUE COPY**
**Attest**

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

# Commonwealth of Massachusetts

---

**SUFFOLK, SS.**

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did unlawfully, knowingly and intentionally possess a certain controlled substance, to wit: Heroin,

a Class A controlled substance under the provisions of G.L. c. 94C, § 31.

A TRUE BILL

_Assistant District Attorney_

_Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_

MAR 2 7 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_March, Sitting, 2001_

_Clerk Of Court_

A TRUE COPY

Attest

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

01-10249-017

**INDICTMENT**

Receiving Stolen Goods
C. 266, §60

# *Commonwealth of Massachusetts*

SUFFOLK, SS.

_____

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, a wallet and personal papers, of the value of Less than Two Hundred-Fifty Dollars, the property of

one Donald Barshaw, then lately before stolen, did receive, said wallet and personal papers well knowing the said

property to have been stolen as aforesaid.

A TRUE BILL

*Assistant District Attorney*                    *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*          *March, Sitting, 2001*

MAR 27 2001

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

*Clerk Of Court*

**A TRUE COPY**
**Attest** James M. _____
~~Assistant~~ **Clerk-Suffolk**
~~Superior~~ **Criminal** Court

01-10247-018

**INDICTMENT**

**Breaking and Entering with Intent to Commit a Felony**
C. 266, §16

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord Two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did break and enter in the night time the building of one Paul Chiamis, situated in Boston, with

intent therein to commit a Felony , to wit: Larceny

**A TRUE BILL**

_____
*Assistant District Attorney*

_____
*Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*                    *March, Sitting, 2001*

MAR 27 2001

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

_____
*Clerk Of Court*

**A TRUE COPY**
**Attest** _____
**Assistant Clerk-Suffolk**
**Superior Criminal Court**

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.              At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

**being armed with a dangerous weapon, to wit: a gun, did assault Michael J. Callahan, with intent to murder the said Michael J. Callahan, in violation of MGL c.265, s.18 (b)**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

A TRUE BILL

{ Foreman of the
  Grand Jury.

{ Assistant District Attorney
  Norfolk District

0086v

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.          At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk**

**that said Richard D. Glawson while being armed with a dangerous weapon, to wit: a gun, with intent to steal a motor vehicle did assault, confine, maim or put in fear Michael J. Callahan for the purpose of stealing the motor vehicle, in violation of MGL c. 265, s. 21A,**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

### A TRUE BILL

.......... *Scott W. Nevers* .................... {Foreman of the
                                                   { Grand Jury.

*Robert W. Nelson, Jr.* ....... {Assistant District Attorney
                                Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

on the third **Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

**while committing the crime of armed carjacking, did have in his possession or under his**
**control a firearm, or rifle to wit: a hand gun, in violation of MGL, c.265, s.18B.**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

A TRUE BILL

............................................ } Foreman of the
Grand Jury.

.......................... { Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**
THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

**and that the said Richard D. Glawson, prior to the commission of the aforesaid felony, at the Superior Court holden at Dedham within and for the County of Norfolk, for the transaction of criminal business, on the fourth day of October in the year of our Lord one thousand nine hundred and ninety-four, was convicted of the crime of breaking and entering in the daytime with intent to commit a felony, and was thereafter sentenced and committed thereon to the Massachusetts Correctional Institution at Cedar Junction, for a term of not exceeding ten years or less than eight years with five years and nine months of said sentence to be served; And that said Richard D. Glawson, prior to the commission of the aforesaid felony, at the Superior Court holden at Boston, within and for the County of Suffolk, for the transaction of criminal business on the twenty-six day of March in the year of our Lord one thousand nine hundred and eighty-seven, was convicted for the crime of robbery being armed, and was thereafter sentenced and committed thereon to the Massachusetts Correctional Institution at Cedar Junction, for a term not exceeding seven years nor less than four years, And that the said Richard D. Glawson, prior to the Commission of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in this Commonwealth for a term of not less than three years on each conviction, as aforesaid, is therefore, upon conviction of the felony first set out in this indictment, to be considered an habitual criminal.**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

### A TRUE BILL

.............. _Scott A. Kenny_ ..............  { Foreman of the
                                                  { Grand Jury.

_Robert W. Nelson_ .......... { Assistant District Attorney
                                Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.            At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk**

**by means of a dangerous weapon, to wit: a gun, did assault Michael J. Callahan, in violation of
MGL c.265, s.15B (b),**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

**A TRUE BILL**

........................................... { Foreman of the
                                            { Grand Jury.

.......... {Assistant District Attorney
           Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                 At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk**

**did knowingly have in his possession or knowingly under his control in a vehicle a firearm,
loaded or unloaded, as defined in M.G.L. c.140, s.121, without having then and there any
license, authority, appointment or permission, according to law, so to do, in violation of
M.G.L. Chapter 269, s.10**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

**A TRUE BILL**

.................................................................. { **Foreman of the
Grand Jury.**

.................................... { **Assistant District Attorney
Norfolk District**

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.          At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

on the third Thursday of March, 2001

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk**

**did own or possess ammunition without complying with the requirements relating to the firearm identification card provided for in Section 129C of Chapter 140 of the Massachusetts General Laws, in violation of M.G.L. c.269, s.10**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

A TRUE BILL

......................................................... { Foreman of the
                                                          { Grand Jury.

...................... { Assistant District Attorney
                        Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.        At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

## RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about February16, 2001
at Dedham in the County of Norfolk**

**by means of a dangerous weapon to wit: a shod foot, did assault and beat Charles Mouris, in
violation of M.G.L. c.265, s. 15 A (b)**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

**A TRUE BILL**

{ Foreman of the
Grand Jury.

{ Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.            At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

**did assault and beat Charles Mouris, a police officer engaged in the performance of his**
**duty as a police officer in violation of M.G.L. c. 265, s.13D.**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

**A TRUE BILL**

....................................... } Foreman of the
Grand Jury.

...................... { Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.            At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GIAWSON

**of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk**

**did unlawfully conspire with one Aleja Campbell of Natick in the County of Middlesex to steal clothing of the value of more than two hundred and fifty dollars of the property of Sears.**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

A TRUE BILL

................*Scott W. Hervey*....................... } Foreman of the Grand Jury.

*Robert W. Nelson Jr.* ..... } Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.            At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

**did steal property of the value of more than two hundred fifty dollars, to wit: clothing, of the property of Sears, in violation of M.G.L. c.266, s.30,**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

A TRUE BILL

............................................{ **Foreman of the**
{ **Grand Jury.**

............{ Assistant District Attorney
{ Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.          At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

on the third Thursday of March, 2001

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

## RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk**

**did steal property of the value of less than two hundred and fifty dollars, to wit: credit cards, the
property of Natalie Bosse, in violation of M.G.L. c.266, s. 30,**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

### A TRUE BILL

........................................ { Foreman of the
{ Grand Jury.

......... { Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.          At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,
**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk**

**did operate a motor vehicle after his license or right to operate a motor vehicle without a
license, had been suspended or revoked and after notice of such suspension or revocation
had been issued by the registrar and received by said person or by his agent or employer,
and prior to the restoration of such license or right to operate or to the issuance to him of a
new license to operate, in violation of M.G.L. c.90, s.23,**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

A TRUE BILL

*Scott W. Murray* .......................... { Foreman of the
Grand Jury.

*Robert W. Whelan Jr.* ....... { Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

on the third Thursday of March, 2001

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

of Dedham in the County of Norfolk
on or about September 9, 2000
at Westwood in the County of Norfolk

upon a way or in a place to which the public has a right of access, or upon a way or in a place to which members of the public have access as invitees or licensees, Richard D. Glawson did operate a motor vehicle while he, the said Richard D. Glawson, was under the influence of intoxicating liquor, in violation of M.G.L. c.90, s.24, (1)(a)(1)

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

**A TRUE BILL**

_Scott W. Murray_ } Foreman of the Grand Jury.

_Robert Whelan Jr._ } Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.            At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

### on the third Thursday of March, 2001

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk
on or about September 9, 2000
at Westwood in the County of Norfolk**

**did operate a motor vehicle upon a way, as defined in G.L. C. 90, S.1, or in a place to which
the public has right of access, or in a place to which members of the public have access as
invitees or licensees, did operate said motor vehicle recklessly or negligently, so that the
lives or safety of the public might be endangered, in violation of G.L. C. 90, s. 24, (2)(a)**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

### A TRUE BILL

{ Foreman of the
Grand Jury.

{ Assistant District Attorney
Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.            At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**
THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk**
**on or about September 9, 2000**
**at Westwood in the County of Norfolk**

**did operate a motor vehicle after his license or right to operate a motor vehicle without a**
**license, had been suspended or revoked and after notice of such suspension or revocation**
**had been issued by the registrar and received by said person or by his agent or employer,**
**and prior to the restoration of such license or right to operate or to the issuance to him of a**
**new license to operate, in violation of M.G.L. c.90, s.23,**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

### A TRUE BILL

*Scott W. Albury* .................................... {Foreman of the
                                                       Grand Jury.

*Robert W. Nelson Jr* ...... {Assistant District Attorney
                                           Norfolk District

Commonwealth of Massachusetts

Norfolk

Supreme Judicial Court
C.A. SJCR - 2004 - 110117-1-16
S.J. 2004 - 0299.

Lois Russo, &
Kathleen Dennehy
Thomas Rielly

Commonwealth (Respondent)

Vs.

Richard D. Glawson (Petitioner)

Petition for A writ of Habeas Corpus acl-Subjuciendium

Pursuant to, Pt-2.c6 Art 7 & M.G.L.A. 248 §1-
-25 Together with, U.S.C. Const. 18 & 2241 and U.S.C.A.
28 U.S.C.A. 2241 -2254 **Petitioner** Invokes This supreme
Judicial courts Single Justice Supervisory powers
over inferior courts and Request this Honorable
Court to Release the petitioner from the custody
Holding him pursuant to U.S.C.A. Amendment 5 Double
Jeopardy principals made Applicable upon the states
through the 14th amendment U.S.C.A. as the petitioner
has Once been subjected to the charges in A proceeding
where the district Attorneys In Norfolk & Suffolk
canties Split one Case of charges all Related
by M.G.L.A.c. 41 §98A Hot & fresh pursuit capture.
Ussing M.G.L.A.c. 37 (B)(2) Veto power which should
be deemed unconstitionaly repugnant to and with the
petitioner 5th amendment right to be free from Multi-
prosecution and right to enjoy a speedy trial in a
single proceeding, of All related offences As Guaranteed

1

by the 5 & 14 amendment procedural & substantive due-process Clause That No state shall make or enforce any Law That abridges the privileges and Immunities of the citizen,

In the case at bar the defendant started trial and Plead Guilty midway Through Trial.

However He is Know still being prosecuted and subjected to the Related offences that grew out of the conviction and 20 year sentence after Jeopardy Attached Amounts to (Successive proceeding) of offences Related to the 1st conviction that were Required as A matter of constitutional Law of the 5th amendment U.S.C.A. A right that cannot be Abridged because the Right to be From Being subjected to criminal successive proceeding is an Immunity by due-process and the double Jeopardy Clause, citing Mass. R. Ci.P. 37(B.)(2) Veto power is used by prosecutors here as a tactical Advantage to gain Leverage and options to take two bites at the Apple in the Face of the United States Constitutional prohibitions of the citizen to be Free From Criminal successive prosecution of the same case, which charged several seperate offences that grew out of the same conduct, episode, occurrence and (Arrest), That should have been consolidated at trial or Indictment but was not for the delibrate & purposefull conduct of the governments prosecutors acting over zealous to take multiple shots At A conviction by splitting up the Indictments and Case.

2

End Resulting in A Norfolk County NOCr 200010117-1-16
prosecution & conviction and sentence That Lacks
an End of the case Named Finality, Crist Vs.
Bretz. 98. S.ct. 2156 \437 U.S. 28, (1978)

And without Finality the First conviction is
unlawfull illegal and Void, which deprives the
defendant a substantive right to Claim Former
Jeopardy in successive proceedings.
Harris V. Oklahoma 97 Sct 2912 citing; Thompson
Vs. Oklahoma 97 sct 768, citing; Ashe V. swenson
90 s.ct. 1189, murphy v. massachusetts 20 sct.
639, U.S. V. Green, 78 sct 221.
For A replica of this case see Willhauck V. flannigan
101 s.ct. 10 citing mass. r. crim. P. 37(B)(2) see Also
North Carolina V. Pierce. 89 sct 2072, citing,
U.S. V. Ball 16 sct 1192 & 11 sct 761, also
In-re-Nielson 9 S.ct. 672.
see mass. R. crim. P. 2 Definition of Terms "Related Offenses"
Same as federal standard Tigerina Vs New Mexico
94 sct 3085, Harris V. Washington 92 sct 183
Abney V. U.S 97 Sct. 2034, Rivera V. Ohio.
103 sct. 271 (1983).

<u>Conclusion</u>
The Legality of this conviction, sentence & detention
are Now coram Judice & with the due-process required
by The Finality in A conviction and sentence According
to the 5th Amendment Double Jeopardy Clause from
successive criminal prosecution made enforcible upon

3

state through the 14th amendent due-process Clause; to The privileges and Immunity clause and the Equal Protection of the Law.

<u>Remedy</u>

Wherefore petition ask this court to grant this writ of Liberty and dicharge him from this conviction That has no finality and is Unconstitutional denying him a substantive right to Claim former Jeopardy with finality in the first Prosecution in Norfolk County NDCR-2001-00117-1-16

<u>Respectfully Submitted</u>                    date 8/17/04

Richard Glawson -
SBCC Box 8000
Shirley, MASS, 01464

<u>Certificate of service</u>

I Richard Glawson hereby Certify that All Parties were delivered Copies Via 1st classs mail ON: <u>8/17/04</u>

4

**COMMONWEALTH OF MASSACHUSETTS**
**SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY**

**NO. SJ-2004-299**

**RICHARD GLAWSON,**
**Petitioner**

v.

**COMMONWEALTH**
**Respondent**

**HABEAS RETURN**

The respondents in the above-captioned petition hereby make this return pursuant to G.L. c. 248, §§ 10-11 and state that:

1.    The petitioner, Richard Glawson, is being detained at the Souza-Baranowski Correctional Center in Shirley, Massachuetts, which is a facility of the Massachusetts Department of Correction, pursuant to warrants of commitment of the Norfolk County Division, dated June 9, 2003. True copies of these warrants are attached as Exhibit A. Petitioner is in the custody, power, and control of Lois Russo, the Superintendent of that facility.

2.    On February 20, 2003, the petitioner pleaded guilty to armed assault with intent to murder, in violation of G.L. c. 265, § 18(b)(2), armed car-jacking, in violation of G.L. c. 265, § 21A, and nine other charges (Norfolk Superior Court Indictment Nos. 2001-00117-001-016).

3.    On June 9, 2003, the Petitioner was sentenced to a fifteen to twenty year sentence of imprisonment for the conviction on armed assault with intent to murder, indictment number 2001-00117-001, and to a concurrent fifteen to twenty year sentence on the car-jacking conviction, indictment number 2001-00117-002.[1] *See* Mittimi, attached as Exhibit A.

---

[1] The remaining indictments were placed on file with the petitioner's consent or nolle prossed by the Commonwealth. See docket sheets, attached.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


*Susanne Reardon*
Susanne G. Reardon (BBO# 561669)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200 ext.2832

ATTORNEY FOR RESPONDENTS

Dated: October 21, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on petitioner October 21, 2004, by placing a copy in the office depository for delivery by first-class mail to:

Richard D. Glawson, pro se
SBCC, P.O. Box 8000
Shirley, MA 01464


*Susanne Reardon*
Susanne G. Reardon

2

COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY

NO. SJ-2004-299

RICHARD GLAWSON,
Petitioner

v.

COMMONWEALTH
Respondent

MEMORANDUM IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS

## I. INTRODUCTION

The petitioner has filed with this Court a petition for a writ of habeas corpus, claiming that the charges he faces in Suffolk County violate his right against double jeopardy because he already pleaded guilty to charges arising out of the same conduct in Norfolk County. The respondent now moves to dismiss the petition for failing to state a claim upon which relief can be granted. The petition is not based on grounds distinct from the issues at petitioner's indictment, trial, conviction, or sentencing. Furthermore, the petitioner is not entitled to immediate release and the writ cannot be used as a substitute for ordinary pre-trial proceedings.

## II.    PRIOR PROCEEDINGS

On March 15, 2001, a Norfolk county grand jury returned indictments against the petitioner for commission of a felony with a firearm, larceny over $250, two counts of illegal possession of a firearm, two counts of operating a motor vehicle after a license suspension/revocation, carjacking while armed with a firearm, assault and battery with a

3

received a copy of the petition on October 13, 2004.

## III.    ARGUMENT

General Laws chapter 248, section 1 provides for a remedy of release of one who is imprisoned or restrained of liberty unlawfully. Excepted from this remedy, however, is a petitioner who has been convicted. G.L. c. 248, §1. Section 25 of chapter 248 also specifically states:

> [t]he court shall have no power to issue a writ of habeas corpus, at its discretion for ... a person who is imprisoned or restrained of his liberty pursuant to a criminal conviction.

G.L. c. 248, § 25. In interpreting the above-quoted provision, the Supreme Judicial Court has held that a court may appropriately consider issuing the writ to one who is imprisoned pursuant to a criminal conviction only "where a petition for a writ of habeas corpus is based on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." *Averett, petitioner*, 404 Mass. 28, 30 (1989).

It is plain that the instant petition, brought by a petitioner who is imprisoned pursuant to criminal conviction, is not based on grounds distinct from the indictment, trial, conviction, or sentencing stage. The petitioner is lawfully confined pursuant to guilty pleas that he entered in Norfolk Superior Court. He states no claim that his lawfully imposed sentence has expired. *See Averett, petitioner*, 404 Mass. at 31 (petitioner appropriately may bring habeas petition to argue that term of lawfully imposed sentence has expired). The question of whether petitioner's claims have merit must be determined in the context of his criminal case. The instant petition must be dismissed.

Dismissing the petition does not leave the petitioner without a remedy. In fact, the

10/12/04                     COMMONWEALTH OF MASSACHUSETTS                     Page 1
                               SUPREME JUDICIAL COURT
                               FOR SUFFOLK COUNTY

                                   SJ-2004-0299

                               RICHARD D. GLAWSON vs.
COMMONWEALTH NORFOLK SUPERIOR COURT CLERK MICHAEL T. HULAK and JANICE UGUCCIONI

```
    ENTRY DATE 07/14/04     CASE STATUS Active: Case Filed
   STATUS DATE 07/14/04          NATURE Superintendence c 211 s 3
      JUSTICE                 SUB NATURE Correction of Record
PET ROLE L CT defendant   TC DISPOSITION Motion to Dismiss allowed
SJ DISPO DATE             SJ DISPOSITION
   LEAD CASE                   RELATION
  TRIAL JUDGE Butler E.        TRIAL CT Norfolk Superior Court
TC ENTRY DATE             TC RULING DATE 02/11/03            CLERK EW
  TC DOCKET NO 2001-00117-14 FC/OE DKT NO                    PUBLIC y
```

Richard D. Glawson
Defendant/Petitioner
Sousa-Baranowski Corr. Center
P.O. Box 8000
Shirley MA 01464
Active 07/14/04 Notify

Commonwealth                          Robert W. Nelson, Jr.
Plaintiff/Respondent                  Assistant District Attorney
Active 07/14/04                       Office of the District Attorney/Norfol
                                      45 Shawmut Road, 2nd floor
                                      Canton MA 02021
                                      Phone: 781-830-4800 201
                                      Fax: 781-830-4801
                                      368780 Active 07/14/04 Notify

Michael T. Hulak
Plaintiff/Respondent
Active 07/14/04

Janice Uguccioni
Plaintiff/Respondent
Active 07/14/04

Norfolk Superior Court Dept.
(Lower Court: civil or general)
Clerk for Civil Business
Court House
Dedham MA 02026
Phone: 781-326-1600 FAX: 781-326-3871

10/12/04                   COMMONWEALTH OF MASSACHUSETTS                   Page 3
                              SUPREME JUDICIAL COURT
                               FOR SUFFOLK COUNTY

                                 SJ-2004-0299

                             RICHARD D. GLAWSON vs.
COMMONWEALTH NORFOLK SUPERIOR COURT CLERK MICHAEL T. HULAK and JANICE UGUCCIONI


                         * * *   D O C K E T   * * *
---------------------------------------------------------------------------
 PAPER DATE      ENTRY
------ --------  ----------------------------------------------------------
       10/12/04 An updated docket sheet was mailed to Mr. Richard Glawson, pro
                se. (see paper #10) (ml)

ß

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. SJ-2004-0299

Norfolk Superior Court
No. 2001-00117-14-16

RICHARD D. GLAWSON

vs.

COMMONWEALTH NORFOLK SUPERIOR COURT CLERK MICHAEL T. HULAK and
JANICE UGUCCIONI

JUDGMENT

This matter came before the Court, Ireland, J., presiding,
on a petition pursuant to G.L. c. 211, s. 3, and upon
consideration thereof, it is ORDERED that the petition and all
included motions be, and the same hereby are, denied without
hearing.

By the Court, (Ireland, J.)

Assistant Clerk

Entered: November 24, 2004

**\*16656** M.G.L.A. 41 § 98A

2003 Main Volume

MASSACHUSETTS GENERAL LAWS
ANNOTATED
PART I. ADMINISTRATION OF THE
GOVERNMENT
TITLE VII. CITIES, TOWNS AND
DISTRICTS
CHAPTER 41. OFFICERS AND
EMPLOYEES OF CITIES, TOWNS
AND DISTRICTS
POLICE OFFICERS

Current through Ch. 73 of the 2004 2nd Annual
Session.

§ 98A. Arrest on fresh and continued pursuit

A police officer of a city or town who is empowered to make arrests within a city or town may, on fresh and continued pursuit, exercise such authority in any other city or town for any offence committed in his presence within his jurisdiction for which he would have the right to arrest within his jurisdiction without a warrant. Said officer may return any person so arrested to the jurisdiction wherein said offence was committed. Nothing contained in this section shall be construed as limiting the powers of a police officer to make arrests and in so far as possible this section shall be deemed to be declaratory of the common law of the commonwealth.

CREDIT(S)

*Added by St.1967, c. 263.*

<General Materials (GM) - References, Annotations, or Tables>

REFERENCES

LIBRARY REFERENCES

2003 Main Volume

Arrest ☞66.
Westlaw Topic No. 35.
C.J.S. Arrest §§ 52 to 53.

RESEARCH REFERENCES

Treatises and Practice Aids

12 Mass. Prac. Series § 24.17, Operating Under The Influence-Field Sobriety Tests, Arrest And Booking.

12 Mass. Prac. Series § 24.23, Search & Seizure Of Motor Vehicle And Occupants.

12 Mass. Prac. Series § 24.26, Search And Seizure Of Motor Vehicle And Occupants-Failure To Stop And Hot Pursuit.

14A Mass. Prac. Series § 9.6, Arrest Without A Warrant-Extraterritorial Arrest.

17B Mass. Prac. Series § 52.66, Self Defense-Arrest By A Private Person.

17B Mass. Prac. Series § 52.80, Constitutional Defenses-Arrest.

18A Mass. Prac. Series § 845, Powers And Duties.

**\*16657** 30 Mass. Prac. Series § 100, Limitations On Power Of Arrest Without A Warrant As To Places.

30 Mass. Prac. Series § 101, Power To Arrest Without A Warrant While Engaged In Fresh Pursuit-Between Cities And Towns Of The Commonwealth.

32 Mass. Prac. Series § 25, Power Of Arrest.

44 Mass. Prac. Series § 9, Applicability Of Constitutional Guarantees-Privilege Against Self-Incrimination; Admissibility Of Statements; "Interested Adult" Protections; Voluntariness; Order On Motion To Suppress (Form).

ANNOTATIONS

NOTES OF DECISIONS

In general 1
Collective knowledge 4
Commission of offense 6
Failure to stop 5
Fresh pursuit 3
Instructions 2

1. In general

Generally, police officer may not make arrest without warrant beyond boundaries of governmental unit he serves unless engaged in fresh pursuit of suspect concerning arrestable offense, whether it be felony or misdemeanor, initially committed in arresting officer's presence and within his jurisdiction. Com. v. Trudel (1997) 674 N.E.2d 262, 42 Mass.App.Ct. 903. Arrest ☞66(2); Arrest ☞66(3)

MGLA 41 § 98A, Arrest on fresh and continued pursuit

Although police officer's powers to execute arrest warrant are state wide, power to arrest without warrant is limited to officer's governmental unit unless he is in fresh and continued pursuit. Com. v. Owens (1993) 609 N.E.2d 1208, 414 Mass. 595. Arrest ⚖═►66(3)

Discovery upon search of defendant of illegally possessed firearm and ammunition which did not match weapon gave police detective cause to search vehicle of defendant for other concealed objects. Com. v. Owens (1993) 609 N.E.2d 1208, 414 Mass. 595. Searches And Seizures ⚖═►68

Police officers may make extraterritorial "fresh pursuit" arrests for any arrestable offense, be it felony or misdemeanor, initially committed in the arresting officer's presence and within his jurisdiction. Com. v. Dise (1991) 583 N.E.2d 271, 31 Mass.App.Ct. 701, review denied 588 N.E.2d 691, 412 Mass. 1102. Arrest ⚖═►66(2)

**16658** When police officer makes warrantless arrest outside his territory and he is not "on fresh and continued pursuit" of suspected felon and has not been specially sworn in as police officer in neighboring territory, officer acts only with the authority he would have as a private citizen. Com. v. Kerr (1991) 565 N.E.2d 1201, 409 Mass. 284. Arrest ⚖═►66(2); Arrest ⚖═►66(3)

Police officer did not have authority to arrest defendant outside city boundaries where he had no reason to believe that defendant committed arrestable offense of driving under influence at time he followed defendant outside jurisdiction; officer had only observed defendant commit nonarrestable traffic violation. Com. v. LeBlanc (1990) 551 N.E.2d 906, 407 Mass. 70. Automobiles ⚖═►349(12)

## 2. Instructions

Instruction requested by defendant in trial on charges of assault of police officer that Massachusetts law limited arresting authority of police officers to their territorial jurisdiction and that, in absence of proof of fresh pursuit, officers were acting solely as private citizens on defendant's premises was properly refused; instruction would have improperly removed question from jury, transferring factual issue into erroneous conclusive legal determination on record. Com. v. McCrohan (1993) 610 N.E.2d 326, 34 Mass.App.Ct. 277. Criminal Law ⚖═►761(11)

## 3. Fresh pursuit

Police officer who had observed motorist driving through a red light without stopping, after which motorist failed to stop when officer activated lights and siren and directed him to pull over, was authorized to commence fresh pursuit of motorist, and to stop motorist after he drove outside of officer's jurisdictional territory. Com. v. Head (2000) 730 N.E.2d 891, 49 Mass.App.Ct. 492. Automobiles ⚖═► 349(12)

Officer was in "pursuit" of driver at time driver left officer's jurisdiction, within scope of officer's statutory authority to make arrest outside his jurisdiction, despite fact that officer did not activate his siren or lights or attempt to overtake and stop driver while driver was within his jurisdiction, where officer's reasons for following driver out of his jurisdiction were based upon his observations of an arrestable offense, commission of which continued into officer's jurisdiction. Com. v. Magazu (2000) 722 N.E.2d 488, 48 Mass.App.Ct. 466. Automobiles ⚖═►349(12)

Police officer's power to arrest without warrant outside boundary of his governmental unit is limited unless he is in fresh and continuous pursuit. Com. v. Gray (1996) 667 N.E.2d 1125, 423 Mass. 293. Arrest ⚖═►66(2)

**16659** Police officer's official authority to make warrantless arrest is limited to territorial jurisdiction of his appointment, unless officer is on fresh and continued pursuit of felon for any offense committed in his presence within his jurisdiction. Com. v. Claiborne (1996) 667 N.E.2d 873, 423 Mass. 275. Arrest ⚖═►66(3)

Extraterritorial "fresh pursuit" arrests are permissible for any arrestable offense, whether felony or misdemeanor, initially committed in arresting officer's presence and within his jurisdiction. Com. v. Zirpolo (1994) 639 N.E.2d 1083, 37 Mass.App.Ct. 307. Arrest ⚖═►66(3)

Arrest of defendant across town line was permissible where police officer of neighboring town had been in "fresh and continued pursuit" of defendant. Com. v. Zirpolo (1994) 639 N.E.2d 1083, 37 Mass.App.Ct. 307. Arrest ⚖═►66(3)

Fresh pursuit doctrine authorized police detective's stop and arrest of defendant without a warrant outside of officer's jurisdiction, where detective was within his jurisdiction when he received information regarding outstanding warrant and had reason to believe that suspect had committed arrestable offense when he began his pursuit which ultimately ended in defendant's arrest outside of police officer's jurisdiction. Com. v. Owens (1993) 609 N.E.2d 1208, 414 Mass. 595. Arrest ⚖═►66(3)

Town officer who observed motor vehicle travel in town at speeds varying from ten to thirty-seven miles per hour and cross over center line of roadway on two occasions had "some reason to believe" that motorist was operating a motor vehicle either while under the influence or negligently so as to endanger, both arrestable offenses, thus justifying officer's "fresh pursuit" of vehicle across town line to make arrest. Com. v. O'Hara (1991) 571 N.E.2d 51, 30 Mass.App.Ct. 608, review denied 576 N.E.2d 685, 410 Mass. 1103. Automobiles ⚖═►349(12)

## 4. Collective knowledge

Fact that arrestable offenses were not committed in arresting officer's immediate presence, but rather were communicated to him by radio from officer who did observe offenses, did not remove authority of officer to perform extraterritorial arrest after pursuing defendant across town line; both officers acted in joint effort. Com. v. Zirpolo (1994) 639

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

MGLA 41 § 98A, Arrest on fresh and continued pursuit

**Page 3**

N.E.2d 1083, 37 Mass.App.Ct. 307.  Arrest ☞66(3)

"Collective knowledge doctrine," under which knowledge of one police officer is knowledge of all, applied to determine whether officer had authority to perform extraterritorial arrest where a fellow officer, and not arresting officer himself, observed defendant's offenses.  Com. v. Zirpolo (1994) 639 N.E.2d 1083, 37 Mass.App.Ct. 307.  Arrest ☞66(2)

**\*16660 5. Failure to stop**

Defendant's failure to stop for police officer who pursued defendant in unmarked police cruiser with its strobe lights flashing, while displaying his badge, gave officer authority to arrest defendant outside of officer's jurisdiction, and therefore evidence discovered as result of limited pat-down search of defendant was properly admitted at trial, though charge of failing to stop for police officer was dismissed.  Com. v. Gray (1996) 667 N.E.2d 1125, 423 Mass. 293.  Arrest ☞66(3); Criminal Law ☞394.4(9)

**6. Commission of offense**

Officer had reason to believe driver was committing offense of driving under the influence of intoxicating liquor in officer's presence and within his jurisdiction, within scope of officer's statutory authority to make arrest outside his jurisdiction, where officer and driver were outside officer's jurisdiction at time officer first observed driver driving in manner indicating he was intoxicated, and driver continued to drive and entered officer's jurisdiction moments later.  Com. v. Magazu (2000) 722 N.E.2d 488, 48 Mass.App.Ct. 466.  Automobiles ☞349(12)

Police officer, who first observed pickup truck in bar parking lot that was partially in neighboring town, could pursue vehicle into neighboring town and make warrantless arrest of driver, based on his observations of truck lurching back and forth in manner consistent with drunk driving while it was still in officer's town.  Com. v. Trudel (1997) 674 N.E.2d 262, 42 Mass.App.Ct. 903.  Automobiles ☞349(12)

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

**\*3856** Massachusetts Rules of Criminal Procedure (Mass.R.Crim P.), Rule 2

MASSACHUSETTS GENERAL LAWS
ANNOTATED
MASSACHUSETTS RULES OF
CRIMINAL PROCEDURE
FOR DISTRICT AND SUPERIOR
COURTS
RULES OF CRIMINAL PROCEDURE

*Current with amendments received through Jan. 1, 2004*

Rule 2. Purpose; Construction; Definition of Terms

< (Applicable to District Court and Superior Court) >

(a) Purpose; Construction.    These rules are intended to provide for the just determination of every criminal proceeding.    They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of expense and delay.

(1) Words or phrases importing the singular number may extend and be applied to several persons or things, words importing the plural number may include the singular, and words importing the masculine gender may include the feminine and neuter.

(2) When in these rules reference is made to a subdivision of a rule, that reference is to that subdivision and to any subdivisions thereof.

(b) Definition of Terms.    In construing these rules the following words and phrases shall have the following meanings unless a contrary intent clearly appears from the context in which they are used:

(1) "Indigent" means any defendant who is unable to procure counsel with his funds as defined in Supreme Judicial Court Rule 3:10.

(2) "Indigent but able to contribute" means any defendant who is unable to procure counsel with his funds but is able to contribute funds for the cost of counsel as defined in Supreme Judicial Court Rule 3:10.

(3) "Capital Crime" means a charge of murder in the first degree.

(4) "Commonwealth" includes the prosecuting office or agency and all officers or agents responsible thereto.

(5) "Court" includes a judge, special magistrate, or clerk.

(6) "District Attorney" or "Attorney General" include assistant district attorneys or assistant attorneys general and other attorneys specially appointed to aid in the prosecution of a case.

**\*3857** (7) "District Court" includes all divisions of the District Court Department of the Trial Court, the Boston Municipal Court Department of the Trial Court, and the Juvenile Court Department of the Trial Court, or sessions thereof for holding court.

(8) "Interested Person" includes the adverse party, a co-defendant, and a witness who is to be deposed.

(9) "Judge" includes a judge of a court or one properly assigned to a court or a special magistrate when in the performance of those duties imposed and authorized by these **rules**.

(10) "Juvenile Court" means a division of the Juvenile Court Department of the Trial Court, or a session thereof for holding court.

(11) "Mailing" means the use of regular mail and shall not require registered or certified mail.

(12) "Prosecuting Attorney" means the attorney general or assistant attorneys general, district attorney, assistant district attorneys, special assistant district attorneys, or legal assistants to the district attorney, or other attorneys specially appointed to aid in the prosecution of a case.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

(13) "Prosecutor' means any prosecuting attorney or prosecuting officer, and shall include a city solicitor, a police prosecutor, or a law student approved for practice pursuant to and acting as authorized by the rules of the Supreme Judicial Court.

(14) "Related Offense" means one of two or more offenses which are based on the same criminal conduct or episode or arise out of a course of criminal conduct or series of criminal episodes connected together or constituting parts of a single scheme or plan.

(15) "Return Day" means the day upon which a defendant is ordered by summons to first appear or, if under arrest, does first appear before a court to answer to the charges against him, whichever is earlier.

(16) "Special Magistrate" means any person who is appointed pursuant to, and empowered to administer those functions authorized by, rule forty-seven of these rules.

(17) "Summons" means

(A) criminal process issued to a person requiring him to appear at a stated time and place to answer to criminal charges; or

(B) process issued to a person requiring him to appear at a stated time and place to give testimony in a criminal proceeding; or

*3858 (C) process issued to a person requiring him to appear and produce at a stated time and place books, designated papers, documents, or other objects for use in a criminal proceeding.

(18) "Superior Court" means the Superior Court Department of the Trial Court, or a session thereof for holding court.

CREDIT(S)

*Amended May 29, 1986, effective July 1, 1986.*

HISTORICAL NOTES

REPORTER'S NOTES

2002 Main Volume

Rule 2 is perhaps the most significant of the rules in advancing the trend toward a high degree of procedural fairness in the administration of criminal justice. This is so because the rule not only permits but requires the rules to be construed and applied in a manner which provides for fairness in their administration to the end that a just determination in every criminal proceeding shall be achieved. The rules must be approached with sympathy for this purpose; they must be interpreted with common sense.

The rules were not intended to be administered inflexibly without regard for the circumstances of the particular case. Where a literal interpretation of a rule and its application in a specific situation would lead to unnecessary expense or delay, would unduly complicate the proceedings, or would operate unfairly or produce an unjust result, that interpretation is to yield to the principle enunciated in Rule 2(a).

This is not to imply that the rules were conceived as merely guidelines or suggested procedures to which the courts and counsel need adhere only as will further their particular interests. They have the force and effect of law.

The appellate courts have made it increasingly clear that abuse of power by the prosecution or by trial judges is not to be tolerated. See e.g., S.J.C. Rule 3:22A, Disciplinary Rules Applicable to Practice as a Prosecutor or as a Defense Lawyer, PF 1-14 (Feb. 14, 1979); Commonwealth v. St. Pierre, Mass.Adv.Sh. (1979) 834, 387 N.E.2d 1135; Commonwealth v. Soares, Mass.Adv.Sh. (1979) 593, 387 N.E.2d 499; Commonwealth v. Ellison, Mass.Adv.Sh. (1978) 2072, 379 N.E.2d 560; Commonwealth v. Earltop, Mass.Adv.Sh. (1977) 532, 539, 361 N.E.2d 220 (Hennessey, C.J., concurring); Commonwealth v. Redmond, 370 Mass. 591, 351 N.E.2d 501 (1976); Commonwealth v. Sneed, Mass.Adv.Sh. (1978) 3156, 383 N.E.2d 843. It is equally apparent that a high standard of conduct is demanded of defense counsel. See S.J.C. Rule 3:22A, supra, DF 1-15. A disregard for these rules of court or a failure to adhere to their provisions are abuses of the system which can be expected to produce problems in the administration of justice and unfairness to the Commonwealth, defendants, and the public, and which, therefore, should not be tolerated by either the trial or appellate courts.

*3859 Subdivision (a). The language of the first paragraph is drawn virtually without change from Fed.R.Crim.P. 2. These rules are intended to minimize complicated proceedings and needless expense and delay and are to be construed so as to achieve that goal.

The principle of construction stated in subdivision (a)(1) is taken from G.L. c. 4, § 6, cl. fourth, which relates to the construction of the General Laws.

Subdivision (a)(2) is designed to avoid any confusion in reading references to subdivisions. Included in a reference to a subdivision are all

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

E

**\*2912** 97 S.Ct. 2912

433 U.S. 682, 53 L.Ed.2d 1054

Supreme Court of the United States

Thomas Leon HARRIS
v.
State of OKLAHOMA.

No. 76-5663.
June 29, 1977.

Defendant was convicted in the District Court, Tulsa County, of robbery with firearms, and he appealed. The Court of Criminal Appeals, 555 P.2d 76, affirmed. Petition for writ of certiorari was granted. The Supreme Court held that where proof of underlying felony, i. e., robbery with firearms, was necessary to establish intent necessary for felony-murder conviction of petitioner for fatal shooting of grocery store clerk during armed robbery the double jeopardy clause barred subsequent prosecution and conviction for robbery with firearms.

Reversed.

Mr. Justice Brennan, with whom Mr. Justice Marshall joined, filed concurring statements.

West Headnotes

[1] Double Jeopardy ⬅164

135H ----
    135HV Offenses, Elements, and Issues Foreclosed
    135HV(B) Included Offenses
    135Hk164 Ruling on Greater as Bar to Prosecution for Lesser Offense.

(Formerly 110k199)

When conviction for a greater crime cannot be had without conviction for the lesser crime, the double jeopardy clause bars prosecution for the lesser crime after conviction for the greater one. U.S.C.A.Const. Amend. 5.

[2] Double Jeopardy ⬅164

135H ----
    135HV Offenses, Elements, and Issues Foreclosed
    135HV(B) Included Offenses
    135Hk164 Ruling on Greater as Bar to Prosecution for Lesser Offense.

(Formerly 110k200(1))

Since under Oklahoma law proof of underlying felony, i. e., robbery with firearms, was required to prove intent necessary for felony-murder conviction for fatal shooting of grocery store clerk during armed robbery, double jeopardy clause precluded subsequent prosecution and conviction of petitioner for robbery with firearms. U.S.C.A.Const. Amend. 5.

PER CURIAM.

A clerk in a Tulsa, Okla., grocery store was shot and killed by a companion of petitioner in the course of a robbery of the store by the two men. Petitioner was convicted of felony-murder in Oklahoma State court. The opinion of the Oklahoma Court of Criminal Appeals in this case states that '[i]n a felony murder case, the proof of underlying felony [here robbery with firearms] is needed to prove the intent necessary for a felony murder conviction.' 555 P.2d 76, 80-81 (1976). Petitioner nevertheless was thereafter brought to trial and convicted on a seperate information charging the robbery with firearms, after denial of his motion to dismiss on the ground that this prosecution violated the Double Jeopardy **\*2913.** Clause of the Fifth Amendment because he had been already convicted of the offense in the felony-murder trial. The Oklahoma Court of Criminal Appeals affirmed.

1,2° When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one. (FN\*) *In re [433 U.S. 683] Neilsen, 131 U.S. 176, 9 S.Ct. 672, 33 LEd. 118 (1889); cf. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).* '[ ] person [who] has been tried and convicted for a crime which has various incidents included in it, .... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence. ' *In re Nielsen, supra,* 131 U.S., at 188, 9 S.Ct. at 676. See also *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); *Grafton v. United States,* 206 U.S. 333, 352, 27 S.Ct. 749, 754, 51 L.Ed. 1084 (1907).

The motion for leave to proceed *in forma pauperis* is granted, the petition for writ of certiorari is granted, and the judgment of the Court of Criminal Appeals is *Reversed.*

Mr. Justice BRENNAN, with whom Mr. Justice

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

*768 97 S.Ct. 768

429 U.S. 1053, 50 L.Ed.2d 770

Supreme Court of the United States

Ellis Lorraine THOMPSON
v.
State of OKLAHOMA

No. 76-5283
January 10, 1977

On petition for writ of certiorari to the Court of Criminal Appeals of Oklahoma.

Jan. 10, 1977. Mr. Justice BRENNAN, with whom Mr. Justice MARSHALL joins, dissenting.

Petitioner was charged by information in Oklahoma state court with murder. After a jury trial, he was convicted of Manslaughter in the First Degree. Thereafter, petitioner was charged in separate informations with two additional offenses arising out of the same episode: Burglary in the First Degree and Carrying a Firearm. He pleaded guilty to these offenses and was sentenced to additional concurrent terms of 10 years imprisonment for each offense. Petitioner then made an application for postconviction relief in the state district court attacking the latter two convictions on grounds of collateral estoppel and double jeopardy. The district court denied the application, and the Oklahoma Court of Criminal Appeals affirmed.

I would grant the petition for certiorari and reverse the judgment of the Court of Criminal Appeals affirming the [429 U.S. 1054] burglary and firearm convictions. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." Ashe v. Swenson, 397 U.S. 436, 453-454, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (Brennan, J., concurring). See Cousins v. Maryland, 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976); Dempsey v. United States, 423 U.S. 1079, 96 S.Ct. 867, 47 L.Ed.2d 90 (1976) (Brennan, J., dissenting); Susi v. Flowers, 423 U.S. 1006, 96 S.Ct. 436, 46 L.Ed.2d 378 (1975) (Brennan, J., dissenting); Vardas v. Texas, 423 U.S. 904, 96 S.Ct. 206, 46 L.Ed.2d 135 (1975) (Brennan, J., dissenting); Stewart v. Iowa, 423 U.S. 902, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975) (Brennan, J., dissenting); Waugh v. Gray, 422 U.S. 1027, 96 S.Ct. 2622, 45 L.Ed.2d 684 (1975) (Brennan, J., *769. dissenting); Wells v. Missouri, 419 U.S. 1075, 95 S.Ct. 665, 42 L.Ed.2d 671 (1974) (Brennan, J., dissenting); Moton v. Swenson, 417 U.S. 957, 94 S.Ct. 3086, 41 L.Ed.2d 675 (1974) (Brennan, J., dissenting); Tijerina v. New Mexico, 417 U.S. 956, 94 S.Ct. 3085, 41 L.Ed.2d 674 (1974) (Brennan, J., dissenting); Ciuzio v. United States, 416 U.S. 995, 94 S.Ct. 2410, 40 L.Ed.2d 774 (1974) (Brennan, J., dissenting); Harris v. Washington, 404 U.S. 55, 57, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971) (concurring statement); Waller v. Florida, 397 U.S. 387, 395, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1975) (Brennan, J., concurring). See also People v. White, 390 Mich. 245, 212 N.W.2d 222 (1973); State v. Brown, 262 Or. 442, 497 P.2d 1191 (1972); Commonwealth v. Campana, 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), adhered to on remand, 455 Pa. 622, 314 A.2d 854 (1974); State v. Gregory, 66 N.J. 510, 333 A.2d 257 (1975).

The petition for a writ of certiorari is denied.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

101 S.Ct. 10, 448 U.S. 1323, Willhauck v. Flanagan, (U.S. 1980)    Page 1

*10  101 S.Ct. 10

448 U.S. 1323, 65 L.Ed.2d 1147

Supreme Court of the United States

Francis A. WILLHAUCK, Jr., Applicant,
v.
Newman A. FLANAGAN et al.

No. A-169.
Aug. 28, 1980.

Applicant, who was charged in state court in two different counties for conduct arising out of the single incident, made application to Mr. Justice Brennan, Circuit Justice, for a stay of state court proceedings pending appeal from the denial of his request for a temporary restraining order. Mr. Justice Brennan held that despite fact that applicant had a potentially substantial double jeopardy claim, applicant's constitutional claim was premature until jury in one state court proceeding was empaneled and sworn or, if a bench trial, until first witness was sworn.

Application denied.

West Headnotes

[1] Double Jeopardy ⬦⟞59

135H ----
135HIII Elements of Former Jeopardy
135Hk59 Empanelling and Swearing Jury, or Swearing Witness and Receiving Evidence.

(Formerly 110k173)

Until a jury is empaneled and sworn or, in a bench trial, until the first witness is sworn, jeopardy does not attach. (Per Mr. Justice Brennan, as Circuit Judge.) U.S.C.A.Const. Amend. 5.

[2] Double Jeopardy ⬦⟞59

135H ----
135HIII Elements of Former Jeopardy
135Hk59 Empanelling and Swearing Jury, or Swearing Witness and Receiving Evidence.

(Formerly 110k173)

Although applicant, who was charged in state court in two different counties for conduct arising out of single incident, may have had potentially substantial double jeopardy claim, applicant's constitutional claim was premature where neither trial had begun and no jury had been empaneled so that jeopardy had not yet attached. (Per Mr. Justice Brennan, as Circuit Judge.) U.S.C.A.Const. Amend. 5.

On Application for Stay.

Mr. Justice BRENNAN, Circuit Justice.

This is an application for a stay pending appeal to the United States Court of Appeals for the First Circuit from an order of the United States District Court for the District of Massachusetts denying a request for a temporary restraining order. The facts are briefly as follows. On July 2, 1979, the applicant, Francis A. Willhauck, allegedly led local police on a high-speed automobile chase through Norfolk and Suffolk Counties. He was finally arrested in Suffolk County and charged with various offenses by the District Attorneys in both counties. In Norfolk County (Quincy District Court), he was charged with driving so as to endanger, failure to stop for a police officer, failure to slow down for an intersection, and driving at an unreasonable speed. In Suffolk County (West Roxbury District Court), he was also charged with driving so as to endanger and failure to stop for a police officer, and in addition was charged *11 with assault and battery with a motor vehicle.

With the complaints pending in the respective county District Courts, applicant moved in Quincy District Court to [448 U.S. 1324] consolidate the cases into a single proceeding there pursuant to Rule 37 of the Massachusetts Rules of Criminal Procedure. However, since the Rule requires the written approval of both prosecuting attorneys to effectuate transfer and consolidation, his attempt failed when one of the District Attorneys apparently declined to approve the consolidation. Applicant subsequently moved for consolidation in at least one of the Superior Courts of Norfolk and Suffolk Counties, where his indictment was handed down, but the motion was similarly denied.

Finally, applicant brought his claim before a single justice of the Massachusetts Supreme Judicial Court, contending, inter alia, that failure to consolidate would put him twice in jeopardy for the same offenses, in violation of the Constitution. The justice dismissed it in a four-page memorandum and order for judgment entered June 19, 1980, rejecting applicant's argument that the charges in the two counties were for a single offense. He also noted that, even if he had the power to transfer and consolidate the two trials, he would refuse to do so because, in his view, this would be an

© 2003 West, a Thomson business. No claim to original U.S. Govt. works.

unwarranted intrusion and interference with the lower courts and prosecutors.

On August 1, 1980, Willhauck brought an action pursuant to 42 U.S.C. § 1983 in Federal District Court to obtain a declaration that Massachusetts Rule of Criminal Procedure 37(b)(2), giving prosecuting attorneys a veto over transfer and consolidation, violates the Double Jeopardy and Due Process Clauses of the Constitution. He sought a temporary restraining order, a preliminary injunction, and a permanent injunction against the two county District Attorneys to enjoin their criminal prosecutions against him. The District Court entered an order denying a temporary restraining order on August 12, 1980, on the basis that applicant's prayer for relief did not fall within one of the recognized exceptions to the rule announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Willhauck[448 U.S. 1325] later moved for a stay of the District Court order in the Court of Appeals for the First Circuit pending appeal. The Court of Appeals denied this motion on August 13, 1980, assuming without deciding that the District Court's order was "in reality" an order denying a preliminary injunction.

Willhauck now applies to me as Circuit Justice for a stay pending resolution of his appeal to the Court of Appeals for the First Circuit. The cases against him appear to be proceeding simultaneously in Suffolk Superior and Quincy District Courts. He was scheduled for "status" hearings in the two courts on August 14, or August 14 and 15, 1980. Applicant advises me that both cases now have been continued until September 12, 1980.

In my view, Willhauck has a potentially substantial double jeopardy claim, if not on the face of the Massachusetts Rule or as applied to him, then simply on the possibility the State may conduct simultaneous prosecutions against him in two separate courts on the same offenses. Whether the *Younger* doctrine would bar federal intervention in a continuing state criminal proceeding in this simultaneous prosecution context or, for that matter, in a case where the claim of double jeopardy is made after jeopardy has attached in the first proceeding, seems to me an open question. The principles of *Abney v. United States*, 431 U.S 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), and *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971) (*per curiam*), suggest that an exception to *Younger* for double jeopardy claims may be appropriate, at least when all state remedies have been exhausted.

[1][2] Nevertheless, I do not find that applicant has alleged sufficient irreparable harm for me to consider whether there is a reasonable probability that four Justices would consider the above issue sufficiently *12. meritorious to grant certiorari, should the merits of the case eventually come before us. Neither trial has begun and no jury has been empaneled. Until a jury is empaneled and sworn, *Crist v. Bretz*, 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24[448 U.S. 1326] (1978), or, in a bench trial, until the first witness is sworn, *id.*, at 37, n.15, 98 S.Ct., at 2161, n.15 (federal rule); *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975) (federal rule), jeopardy does not attach. Accordingly, applicant's constitutional claim is premature. Of course, once jeopardy does attach in one of the trials, applicant should be able to make his claim before the second trial judge, at which time the courts can give due consideration to his claim.

Therefore, I deny the application for a stay pending appeal.

© 2003 West, a Thomson business. No claim to original U.S. Govt. works.

97 S.Ct. 2912, 433 U.S. 682, Harris v. Oklahoma, (U.S.Okla. 1977)

MARSHALL joins, concurring.

I join the Court's opinion but in any event would reverse on a ground not addressed by the Court, namely, that the State did not prosecute the two informations in one proceeding. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of 'all the charges against a defendant that grow out of a single criminal act, occurence, episode, or transaction. ' *Ashe v. Swenson,* 397 U.S. 436, 453-454, 90 S.Ct. 1189, 1199, 25 L.Ed.2d 469 (1970) (Brennan, J., concurring). See *Thompson v. Oklahoma,* 429 U.S. 1053, 97 S.Ct. 768, 50 L.Ed.2d 770 (1977) (Brennan, J., dissenting from denial of certiorari), and cases collected therin.

(FN*) The State conceded in its response to the petition for certiorari that 'in the Murder case, it was necessary for all the ingredients of the underlying felony of Robbery with Firearms to be proved . . . .' Brief in Opposition 4.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

*01-10249-021*

**INDICTMENT**

Assault by Means of a Dangerous Weapon
C. 265, §15B (b)
Habitual Criminal

# Commonwealth of Massachusetts

_____

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February, did commit an assault upon one Thomas McCarrick, by means of a certain dangerous weapon, to wit: a

handgun.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery, Docket # 061089 said crime having been committed on the second day of September in the year of Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was sentenced  and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Assistant District Attorney_               _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_          _March, Sitting, 2001_

MAR 27 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

A TRUE COPY
Attest
Assistant Clerk-Suffolk
Superior Criminal Court

**INDICTMENT**

**Breaking and Entering Building Day Time with Intent to Commit a Felony**

**C. 266, §18**

# Commonwealth of Massachusetts

_____

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 12, 2001, did break and enter the building of one Hi Won Park, situated in Boston, with intent therein to

commit a felony, to wit: Larceny over Two Hundred-Fifty Dollars..

A TRUE BILL

_____                                    _____
*Assistant District Attorney*                                    *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*                 *March, Sitting, 2001*

**MAR 27 2001**

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

_____
*Clerk Of Court*

**A TRUE COPY**
**Attest** _____
**Assistant Clerk-Suffolk**
**Superior Criminal Court**

**INDICTMENT**

Larceny
C. 266, §30

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of march in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 12, 2001, did steal one safe and a .38 Caliber handgun, of the value of over two hundred and fifty dollars, of

the property of Hi Won Park.

A TRUE BILL

_____
Assistant District Attorney

_____
Foreman of the Grand Jury

Superior Court Department - Criminal Business

March, Sitting, 2001

MAR 2 7 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

_____
Clerk Of Court

A TRUE COPY

Attest

Assistant Clerk Su...
Superior Criminal Cour...

01·10249-004

**INDICTMENT**

**Armed Carjacking**
**C. 265, §21A**

**Habitual Criminal**

## Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 15, 2001, with intent to steal a motor vehicle, did assault, confine, or put in fear Barry Person for the

purpose of stealing a motor vehicle while being armed with a certain dangerous weapon, to wit: a handgun.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery, Docket # 061089 said crime having been committed on the second day of September in the year of Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

-3-

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Assistant District Attorney_

_Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_

MAR 27 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_March, Sitting, 2001_

A TRUE COPY

Attest

Assistant Clerk-Suff.
Superior Criminal Cou.

_Clerk Of Court_

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 15, 2001, upon a certain way, in the City of Boston, did operate a certain motor vehicle, to wit: an

automobile, after his license to operate motor vehicles within the said Commonwealth had been suspended and prior to

the restoration of such license or the issuance to him of a new license to operate motor vehicles.

A TRUE BILL

_Assistant District Attorney_            _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_            _March, Sitting, 2001_

**MAR 27 2001**

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

**A TRUE COPY**
**Attest**

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

**Operating Motor Vehicle Negligently So That Lives And Safety Of The Public Might Be Endangered**

**INDICTMENT**

C.90, § 24 (2) (a)

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 15, 2001, upon a certain way in the City of Boston, to wit: Basile St., did operate recklessly a certain motor

vehicle, to wit: an automobile, so that the lives and safety of the public might be endangered.

### A TRUE BILL

_Assistant District Attorney_

_Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_

_March, Sitting, 2001_

MAR 2 7 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

**A TRUE COPY**
**Attest**
**Assistant Clerk-Suffolk**
**Superior Criminal Court**

**INDICTMENT**

C. 266, §17

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 15, 2001, did break and enter in the night time the building of one Christopher Ahearn, situated in Boston,

with intent therein to commit a felony, and thereby put Christopher Ahearn, who was lawfully therein, in fear.

A TRUE BILL

_Assistant District Attorney_

_Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_

MAR 2 7 2001

_March, Sitting, 2001_

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

A TRUE COPY

Attest

Assistant Clerk-Suffolk
Superior Criminal Court

01-10246/6 - 0696

**INDICTMENT**

**Home Invasion**

**C. 265, §18C**

## Commonwealth of Massachusetts

_____

**SUFFOLK, SS.**

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that


# RICHARD GLAWSON,


on February 15, 2001, did knowingly enter the dwelling place of one Christopher Ahearn, in Boston, and remained in

such dwelling place knowing or having reason to know that one or more persons were present within while armed with a

dangerous weapon, to wit: a handgun, and used force upon Christopher Ahearn within such dwelling.


### A TRUE BILL


_Assistant District Attorney_                    _Foreman of the Grand Jury_


_Superior Court Department - Criminal Business_                    _March, Sitting, 2001_

**MAR 27 2001**

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

**A TRUE COPY**

**Attest**

**Assistant Clerk-Suffolk**

**Superior Criminal Court**

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 16, 2001, upon a certain way, in the City of Boston, did operate a certain motor vehicle, to wit: an

automobile, after his license to operate motor vehicles within the said Commonwealth had been suspended and prior  to

the restoration of such license or the issuance to him of a new license to operate motor vehicles.

A TRUE BILL

_____          _____
Assistant District Attorney              Foreman of the Grand Jury

Superior Court Department - Criminal Business          March, Sitting, 2001

MAR 2 7 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

_____
Clerk Of Court

A TRUE COPY
Attest _____
Assistant Clerk-Suffolk
Superior Criminal Court

**Operating Motor Vehicle Negligently So That Lives And Safety Of The Public Might Be Endangered**

**INDICTMENT**                                                    C.90, § 24 (2) (a)

# Commonwealth of Massachusetts

---

**SUFFOLK, SS.**

At the **SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,**

begun and holden at the **CITY OF BOSTON,** within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

**THE JURORS** for the **COMMONWEALTH OF MASSACHUSETTS** on their oath present that

## RICHARD GLAWSON,

on February 16, 2001, upon a certain way in the City of Boston, to wit: Centre St., did operate recklessly a certain motor

vehicle, to wit: an automobile, so that the lives and safety of the public might be endangered.

### A TRUE BILL

_Assistant District Attorney_                    _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_          _March, Sitting, 2001_

MAR 2 7 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

**A TRUE COPY**

**Attest**

**Assistant Clerk Suff**

**Superior Criminal Co**

*C1-10049-011*

Armed Assault to Murder
C. 265, §18 (b)

Habitual Criminal

# Commonwealth of Massachusetts

---

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on February 16, 2001, being armed with a certain dangerous weapon, to wit: a handgun did assault Michael Buckley with

intent to murder him.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery,

Docket # 061089 said crime having been committed on the second day of September in the year of

Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon

to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and

Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of

November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was

sentenced  and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a

term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Daniel W. Hourihan_
Assistant District Attorney

_Gloria Green_
Foreman of the Grand Jury

Superior Court Department - Criminal Business

March, Sitting, 2001

MAR 2 7 2001

Returned into said Superior Court by the Grand Jurors and ordered to be filed.

A TRUE COPY
Attest
Assistant Clerk-Suffolk
Superior Criminal Court

Clerk Of Court

01-162<sup>49</sup>-012

**INDICTMENT**

Assault and Battery by Means of a Dangerous Weapon

C. 265, §15A

Habitual Criminal

# *Commonwealth of Massachusetts*

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 16, 2001, did commit an assault and battery upon one Michael Buckley, by means of a certain dangerous

weapon, to wit: a handgun.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

# RICHARD GLAWSON,

on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery,

Docket # 061089 said crime having been committed on the second day of September in the year of

Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon

to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.

and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and

Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of

November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was

sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a

term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

*Assistant District Attorney*

*Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*
MAR 2 7 2001                           *March, Sitting, 2001*

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

*Clerk Of Court*

A TRUE COPY
Attest
Assistant Clerk-Suffo...
Superior Criminal Cou...

01-10249-013

**INDICTMENT**

Possession of Firearm, Not Home/Work, No License
C. 269, §10 (a)
**Habitual Criminal**

# *Commonwealth of Massachusetts*

---

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord one thousand nine hundred and ninety-nine.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001 did unlawfully and knowingly have in his possession, a firearm as defined by G.L. c. 140, § 121,

that is, a weapon from which a bullet could be discharged and of which the length of the barrel was less than sixteen

inches, the said RICHARD GLAWSON not being present in his residence or place of business, not having in effect a

license to carry firearms issued under G.L. c. 140, § 131 or 131F, and not complying with the provisions of G.L. c. 140, §

129c and 131g.

**THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that**

# RICHARD GLAWSON,

**on March 26, 1987, was convicted in the Suffolk Superior Court of the crime of Armed Robbery, Docket # 061089 said crime having been committed on the second day of September in the year of Our Lord One Thousand Nine Hundred and Eighty-Six and was sentenced and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of four to seven years.**

**and on September 14, 1994 was convicted in the Essex Superior Court of the crime of Breaking and Entering Daytime, Docket # 025456 said crime having been committed on the twenty-fourth day of November in the year of Our Lord One Thousand Nine Hundred and Ninety three and was sentenced  and committed thereon to the Massachusetts Correction Institute Cedar-Junction for a term of Eight to Ten years. ( Five years to serve, balance suspended five years Probation).**

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

and that said RICHARD GLAWSON, prior to commissions of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in the Commonwealth of Massachusetts thereon, for terms of fnot less than three years for each such crime, upon conviction of the felony set out in this indictment, is to be considered a habitual criminal.

A TRUE BILL

_Assistant District Attorney_

_Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_

MAR 2 7 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_March, Sitting, 2001_

_Clerk Of Court_

A TRUE COPY
Attest
Assistant Clerk-Suffolk
Superior Criminal Court

*01-10249-014*

**INDICTMENT**

Possession of Firearm, Not Home/Work, No License
C. 269, §10 (a)
**Armed Career Criminal**
**M.G.L. Ch.269, § 10G**

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord one thousand nine hundred and ninety-nine.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did unlawfully and knowingly have in his possession, a firearm as defined by G.L. c. 140, § 121,

that is, a weapon from which a bullet could be discharged and of which the length of the barrel was less than sixteen

inches, the said RICHARD GLAWSON not being present in his residence or place of business, not having in effect a

license to carry firearms issued under G.L. c. 140, § 131 or 131F, and not complying with the provisions of G.L. c. 140, §

129c and 131g.

Possession Of Firearm, Not Home/Work, No License
C.269, §10 (a
Armed Career Criminal
M.G.L. Ch.269, § 10G

-2-

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their present that

**RICHARD GLAWSON,**

on November 4, 1999, prior to the commission of the offense heretofore described in this indictment,

was convicted in the Suffolk Superior Court, Docket # 98-10564 of the crime of Assault with a

Dangerous Weapon.

on March 26, 1987, prior to the commission of the offense heretofore described in this indictment,

was convicted in Suffolk Superior Court, Docket # 061089 of the crime of Armed Robbery.

on September 14, 1994, prior to the commission of the offense heretofore described in this

indictment, was convicted in Essex Superior Court, Docket # 025455 of the crime of Assault & Battery

on Public Employee.

A TRUE BILL

_Assistant District Attorney_                    _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_          _March, Sitting, 2001_

**MAR 27 2001**

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

**A TRUE COPY**

_Clerk Of Court_                              Attest

**Assistant Clerk-Suffolk
Superior Criminal**

01-10249-015 **Possession of Ammunition not Having Been Issued Firearm Identification Card**
INDICTMENT Case 1:04-cv-12025-MLW Document 22-4 Filed 04/12/2005 Page 92 of 99
C. 269, §10(h)

# Commonwealth of Massachusetts

---

**SUFFOLK, SS.**

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did own, possess or transfer possession of ammunition without complying with the requirements

relating to the firearm identification card provided for in G.L. c. 140, § 129C.

A TRUE BILL

_Assistant District Attorney_            _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_            _March, Sitting, 2001_

**MAR 2 7 2001**

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

**A TRUE COPY**
**Attest**

**Assistant Clerk-Suffolk**
Superior Criminal Court

# Commonwealth of Massachusetts

---

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did unlawfully, knowingly and intentionally possess a certain controlled substance, to wit: Heroin,

a Class A controlled substance under the provisions of G.L. c. 94C, § 31.

A TRUE BILL

_Assistant District Attorney_          _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_          _March, Sitting, 2001_

MAR 2 7 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

A TRUE COPY

Attest

**Assistant Clerk-Suffolk
Superior Criminal Court**

*01-16249-017*

**INDICTMENT**

Receiving Stolen Goods
C. 266, §60

# Commonwealth of Massachusetts

_____

**SUFFOLK, SS.**

At the **SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS**,

begun and holden at the **CITY OF BOSTON**, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord two thousand one.

THE JURORS for the **COMMONWEALTH OF MASSACHUSETTS** on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, a wallet and personal papers, of the value of Less than Two Hundred-Fifty Dollars, the property of

one Donald Bradshaw, then lately before stolen, did receive, said wallet and personal papers well knowing the said

property to have been stolen as aforesaid.

A TRUE BILL

_____                         _____
*Assistant District Attorney*                              *Foreman of the Grand Jury*

*Superior Court Department - Criminal Business*                 *March, Sitting, 2001*

**MAR 2 7 2001**

*Returned into said Superior Court by the Grand Jurors and ordered to be filed.*

_____
*Clerk Of Court*

**A TRUE COPY**

**Attest**

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

# Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of March in the

year of our Lord Two thousand one.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## RICHARD GLAWSON,

on February 17, 2001, did break and enter in the night time the building of one Paul Chiamis, situated in Boston, with

intent therein to commit a Felony , to wit: Larceny

### A TRUE BILL

_Assistant District Attorney_                    _Foreman of the Grand Jury_

_Superior Court Department - Criminal Business_          _March, Sitting, 2001_

MAR 2 7 2001

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

A TRUE COPY

Attest

**Assistant Clerk-Suffolk**
**Superior Criminal Court**

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.          At the SUPERIOR COURT, begun and holden
at DEDHAM, within and for the County of Norfolk,

on the third Thursday of March, 2001

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

## RICHARD D. GLAWSON

of Dedham in the County of Norfolk
on or about February 16, 2001
at Dedham in the County of Norfolk

being armed with a dangerous weapon, to wit: a gun, did assault Michael J. Callahan, with intent
to murder the said Michael J. Callahan, in violation of MGL c.265, s.18 (b)

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

### A TRUE BILL

...................................................... } Foreman of the
                                                        } Grand Jury.

.............................................. { Assistant District Attorney
                                               { Norfolk District

0086v

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

**RICHARD D. GLAWSON**

**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

that said Richard D. Glawson while being armed with a dangerous weapon, to wit: a gun,
with intent to steal a motor vehicle did assault, confine, maim or put in fear Michael J.
Callahan for the purpose of stealing the motor vehicle, in violation of MGL c. 265, s. 21A,

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

**A TRUE BILL**

.....................................................{ **Foreman of the**
                                                        **Grand Jury.**

...........{ Assistant District Attorney
            Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### RICHARD D. GLAWSON

**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

**while committing the crime of armed carjacking, did have in his possession or under his**
**control a firearm, or rifle to wit: a hand gun, in violation of MGL, c.265, s.18B.**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case
made and provided.

**A TRUE BILL**

............................................... { **Foreman of the**
{ **Grand Jury.**

........................................... { Assistant District Attorney
{ Norfolk District

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.         At the SUPERIOR COURT, begun and holden

at DEDHAM, within and for the County of Norfolk,

**on the third Thursday of March, 2001**
THE JURORS for the Commonwealth of Massachusetts, on their oath present that


### RICHARD D. GLAWSON


**of Dedham in the County of Norfolk**
**on or about February 16, 2001**
**at Dedham in the County of Norfolk**

**and that the said Richard D. Glawson, prior to the commission of the aforesaid felony, at the Superior Court holden at Dedham within and for the County of Norfolk, for the transaction of criminal business, on the fourth day of October in the year of our Lord one thousand nine hundred and ninety-four, was convicted of the crime of breaking and entering in the daytime with intent to commit a felony, and was thereafter sentenced and committed thereon to the Massachusetts Correctional Institution at Cedar Junction, for a term of not exceeding ten years or less than eight years with five years and nine months of said sentence to be served; And that said Richard D. Glawson, prior to the commission of the aforesaid felony, at the Superior Court holden at Boston, within and for the County of Suffolk, for the transaction of criminal business on the twenty-six day of March in the year of our Lord one thousand nine hundred and eighty-seven, was convicted for the crime of robbery being armed, and was thereafter sentenced and committed thereon to the Massachusetts Correctional Institution at Cedar Junction, for a term not exceeding seven years nor less than four years, And that the said Richard D. Glawson, prior to the Commission of the felony first set out in this indictment, having been twice convicted of a crime and sentenced and committed to prison in this Commonwealth for a term of not less than three years on each conviction, as aforesaid, is therefore, upon conviction of the felony first set out in this indictment, to be considered an habitual criminal.**

against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided.

### A TRUE BILL

.......................................... { **Foreman of the**
                                              **Grand Jury.**

....................... { **Assistant District Attorney**
                          **Norfolk District**