UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD D. GLAWSON,<br>    Petitioner,<br>        v.<br><br>ROBERT KEATON, et al.<br>    Respondents. | Civil Action No. 04-12025-MLW |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

On February 28, 2005, this Court ordered Petitioner to file an Amended Petition substantially in the form required by Rule 2 of the Habeas Rules. Petitioner's Amended Petition (Paper No. 22), is not in that form, and it is still unclear what Petitioner's claim is. What the Amended Petition does make clear, however, is that Petitioner has failed to exhaust the remedies available to him in the courts of Massachusetts, and that he may not, therefore, seek federal intervention--whatever the nature of his claim. The Amended Petition should be dismissed.

**A. Factual Background**

Petitioner, Richard Glawson was charged with a series of crimes in Norfolk, Suffolk and Middlesex Counties, taking place on February 15 and 16, 2001. *See* Order on Motion to Dismiss, Respondent's Supplemental Appendix at Tab D, p. 1 [hereinafter "Supp. App. at___: ___"]. As succinctly described by the Suffolk Superior Court: "On February 16, 2001, the Dedham police attempted to arrest [Petitioner] at the Dedham Mall (Norfolk County) on theft charges. A carjacking, shootings, and a high speed chase into West Roxbury (Suffolk County) followed, ending in a car crash." Supp. App. at D:1. Defendant pleaded guilty to eleven charges in Norfolk County, including carjacking, assault and assault and battery with a dangerous weapon, assault and battery on a police officer, armed assault with intent to murder, commission of a felony with a firearm, two counts of

larceny, two firearm possession charges, and one count of operating a motor vehicle after license revocation. Supp. App. at A:28. Pursuant to the plea agreement, five additional charges were *noll prossed* by the Commonwealth, and the Court sentenced Petitioner to concurrent 15 to 20 year sentences two of the indictments. Supp. App. at B:5. The remaining convictions were placed on file without a sentence. Supp. App. at A:26. Before sentence was pronounced, Petitioner unsuccessfully attempted to withdraw his guilty plea. Supp. App. at B:1-8.

The plea agreement was not conditioned on any resolution of the Suffolk County charges. Supp. App. at B:4. Petitioner was charged with a further eighteen counts in Suffolk Superior Court, including three counts of breaking and entering; three counts of firearm possession; receipt of stolen goods; larceny; two counts of operating a motor vehicle after license revocation; two counts of reckless operation of a motor vehicle; assault and assault and battery with a dangerous weapon; home invasion; armed assault with intent to murder; assault for purpose of stealing a motor vehicle; and possession of a controlled substance. Supp. App. at C:18. On Petitioner's motion, the Suffolk Superior Court dismissed one count of operation of a motor vehicle after license suspension, finding that it duplicated a Norfolk charge. Supp. App. D:1-2. The court refused to dismiss the remaining charges finding that they charged different crimes, different victims or different dates than the Norfolk indictments. Supp. App. D:1-2.

**B. Prior Proceedings in This Court**

On September 13, 2004, Petitioner filed a "Verified Civil Complaint" (Paper No. 2), naming as defendants the Norfolk County District Attorney and his custodian. The Original Petition invoked this Court's jurisdiction under, *inter alia*, 28 U.S.C. § 2241 and sought release from what Petitioner argues is an unlawful conviction. On December 29, 2004, Petitioner filed a second "Verified Civil

Complaint" (Paper No. 5) that named as defendants the Attorney General of Massachusetts and members of the Suffolk and Norfolk County District Attorneys' Offices. The Amended Petition sought a "civil injunction" against the criminal proceedings pending in Suffolk County Superior Court.

On February 1, 2005, Respondents moved for a more definite statement. Paper No. 11. Specifically, respondents argued that, because Petitioner had failed to file a Petition in the form required by the Habeas Rules, it was impossible to determine the nature of his claims (particularly what confinement he was challenging) and respond to them. Respondents requested that Petitioner be ordered to file a Petition substantially in the form required by Habeas Rule 2. The Court allowed the motion on February 28, and ordered that Petitioner file an amended petition that addressed the matters raised in the Motion for a More Definite Statement, or that the action wold be subject to dismissal.

**C. Petitioner Failed to File a Petition in Compliance with the Habeas Rules.**

The Amended Petition is not in compliance with the Court's Order or with the Habeas Rules. The Petition is not in the form mandated by Habeas Rule 2, and, more fundamentally, Petitioner has refused to specify what criminal proceedings he is challenging, as Habeas Rule 2 requires. While Petitioner has named as respondents to this action the Norfolk County prosecutors and courts, as well as a custodial defendant, he does not appear to claim that any of his Norfolk County convictions--the convictions upon which he is currently confined--are illegal. Petitioner does not name any Suffolk County respondent, and it does not seem that Petitioner is actually claiming that his trial on the Suffolk County charges would be illegal at this time. Instead, it appears that Petitioner is taking the position that the Norfolk County charges that were dismissed must be prosecuted, so that

Petitioner can raise them as a jeopardy bar in the Suffolk County proceedings. In any case, Petitioner has failed to file a Petition that is in the form prescribed by Habeas Rule 2, despite this Court's Order to do so. The Court should strike Petitioner's Amended Petition, pursuant to Rule 12(e), and dismiss the petition, pursuant to Rule 12(b)(6).

### D. The Amended Petition is Unexhausted.

What the Amended Petition does make clear is that Petitioner has not exhausted the remedies available to him in state court. Title 28 U.S.C. § 2254(b)(1)(A) prohibits federal courts from entertaining habeas corpus petitions from prisoners who have failed to first pursue the remedies available to them in state court: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." As the Supreme Court has noted, this statute codifies the long-standing "principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Ex Parte Hawk*, 321 U.S. 114, 117 (1944) (internal citations omitted); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (§ 2254 codifies the exhaustion doctrine as described in *Hawk*). To promote this important interest in state sovereignty and to avoid the "unseemly" intervention of federal courts to correct errors that could be corrected if properly presented to state courts, the Supreme Court has insisted on a "rigorously enforced total exhaustion rule," one which requires not only that a particular claim be exhausted before relief can issue, but also that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 518-22. In carrying out this "strict enforcement of the exhaustion requirement," *Rose*, 455 U.S. at 520, the First Circuit has held

that a habeas corpus petitioner "bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim."[1] *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997). This exhaustion rule applies equally to pretrial habeas petitions founded on Double Jeopardy claims. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 302-03 (1984).

Exhaustion of state court remedies with respect to a claim is only complete when that claim has been fairly presented to, and adjudicated by, the state's highest court, *see O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); 28 U.S.C. § 2254(c). *See also Adelson*, 131 F.3d at 263. Here, Petitioner suggests that he has exhausted his claim by presenting a habeas corpus petition to a justice of the Supreme Judicial Court, who rejected the petition. Amend. Pet. at ¶ 13. What Petitioner does not report, however, is that he has availed himself of the right to appeal that denial to the full bench of the S.J.C., and that the appeal from that decision is currently pending in that Court. Supp. App. at E, F, G; *see also Clark v. Commonwealth*, 697 N.E.2d 995, 996 (appeal to the full bench permissible from order of single justice denying Double Jeopardy claim). Petitioner has not exhausted the state court remedies available to him to challenge either his Norfolk County convictions or the question of whether trial on the Suffolk County charges would violate the Double Jeopardy Clause. Nor, to the extent that the Amended Petition raises some unique hybrid claim, has that claim been exhausted by presentation to the highest court in Massachusetts--the full bench of the Supreme Judicial Court.

---

[1] Presentation of the *federal* character of the claim is required since habeas corpus relief is available only to remedy violations of federal law, not claims made under state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. §2254(a) (habeas corpus may be sought by state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

**E. Conclusion**

       The Amended Petition does not comply with Rule 2 of the Habeas Rules, despite this Court's Order requiring submission of a complying petition. Moreover, whatever the nature of the claims in the Amended Petition, they have not been exhausted by full presentation to the courts of Massachusetts. The Amended Petition should, therefore, be dismissed.

                                                Respectfully submitted,
                                                THOMAS F. REILLY
                                                ATTORNEY GENERAL

                                                /s/ David M. Lieber
                                                David M. Lieber (BBO# 653841)
                                                Assistant Attorney General
                                                Criminal Bureau
                                                One Ashburton Place
                                                Boston, Massachusetts 02108
Dated: April 25, 2005                     (617) 727-2200 ext. 2827